## WOOD v. FARMER ET AL.

1. **School District:** POWER OF SUBDISTRICT TO VOTE SCHOOL-HOUSE TAX: CODE, § 1778. Under § 1778 of the Code, a subdistrict in a district township has the power, at its annual meeting of electors, to vote a tax to be raised in the subdistrict for school-house purposes, in addition to the tax voted under § 1717, par. 3, of the Code, by the electors of the whole district township at their annual meeting; and when such tax has been voted in a subdistrict, it is the duty of the directors of the district township to certify it to the board of supervisors, to the end that they may levy the same; and *mandamus* will lie to compel the directors to perform such duty.

2. ———: NUMBER OF SCHOOL-HOUSES IN SUBDISTRICT. There is nothing in the statute limiting subdistricts to one school-house.

3. ———: STATE SUPERINTENDENT: DECISION OF FINAL. The decision of the superintendent of public instruction on questions of facts arising on appeals tried before him is final.

4. ———: ORDERING TERM OF SCHOOL: POWER OF DISTRICT COURT. Where the superintendent of public instruction ordered the directors of a district township to provide three months' school to be held in a subdistrict in the summer of 1835, the district court had no authority, in a *mandamus* proceeding brought *after* that time, to direct a term of school to be held in the subdistrict.

5. **School Directors:** LIABILITY FOR ERRORS: DAMAGES. School directors are not liable to a tax-payer in damages for errors on their part in the performance of the duties of their office, where it is not shown that they have acted in bad faith.

*Appeal from Poweshiek District Court.*

THURSDAY, OCTOBER 14.

MANDAMUS to compel the officers of a district township to levy a tax to be expended in building a school-house in a subdistrict, and to maintain an additional school in a village situated in the subdistrict. There was a judgment requiring the tax to be levied. Both parties appeal.

*Haines & Lyman,* for plaintiff.

*Thos. A. Cheshire,* for defendants.

BECK, J.—I. The petition alleges that the plaintiff is a resident and taxpayer of subdistrict No. 7, in the district township of Pleasant, having children of lawful age to attend school. He lives in a village which is one and a quarter miles from the school-house. He alleges that his children are too young to go the distance required to attend the school kept in the school-house. It is further shown that the electors of the subdistrict, at their regular annual meeting on the second day of March, 1885, voted that the amount of $800 was required to build an additional school-house in the village. This action was certified to the next annual meeting of the electors of the district township, who refused to vote the tax for $800, as determined by the electors of the subdistrict, and the directors refused to certify the tax to the board of supervisors, for the reason that the notice required by law had not been given for the meeting of the electors of the subdistrict, and that the meeting did not continue a sufficient length of time to allow all of the electors to vote upon the resolution adopted by the meeting. They also refused to establish a school in the village.

The plaintiff appealed to the county superintendent, who affirmed the action of the directors in refusing to certify the tax to the board of supervisors, on the ground that the meeting of the electors of the subdistrict had not continued for the time required by law; but reversed the action refusing to establish a school in the village, and ordered that a school should be maintained in the village for three months during the summer of 1885.

Both parties appealed to the superintendent of public instruction, who reversed the decision of the county superintendent so far as it held that the directors were authorized to refuse to certify the tax to the supervisors of the county, and affirming the decision ordering the school be kept in the village. The plaintiff prays that a *mandamus* may be issued compelling the directors to perform the acts required by the decision of the superintendent of public instruction.

Objections involving the right of plaintiff to recover upon the case made by him were raised by demurrer and answer to the petition, and by demurrer to the answer. The pleadings need be no more particularly mentioned, as it is sufficient to state the objections separately, when we come to their consideration in the discussion of the case.

The district court entered a judgment, ordering the directors of the district township to certify the amount voted by the subdistrict for the school-house to the board of supervisors.

II. It is first insisted that the electors of the subdistrict had no power to vote a tax, or to determine the amount necessary to be expended for school-house purposes. The decision of the question here raised involves the construction of Code, § 1778, which is in the following language:

1. SCHOOL district: power of subdistrict to vote school-house tax: Code, § 1778.

"Sec. 1778. They [the board of directors of the district] shall apportion any tax voted by the district township meeting for school-house fund among the several subdistricts, in such a manner as justice and equity may require, taking as the basis of such apportionment the respective amounts previously levied upon said subdistrict for the use of such fund: provided that, if the electors of one or more subdistricts, at their last annual meeting, shall have voted to raise a sum for school-house purposes greater than that granted by the electors at the last annual meeting of the district township, they shall estimate the amount of such excess on such subdistrict or subdistricts, and cause the secretary to certify the same within five days thereafter to the board of supervisors, who shall, at the time of levying taxes for county purposes, levy the per centum of such excess on the taxable property of the subdistrict asking the same: provided that not more than fifteen mills on the dollar shall be levied on the taxable property of any subdistrict for any one year for school-house purposes."

Code, § 1717, p. 3, confers authority upon the electors of

the district township, at an annual meeting, "to vote a tax, not to exceed ten mills on the dollar in any one year, for the purchase of grounds and construction of the necessary school-houses for the district," etc., "for the payment of debts contracted for the erection of school-houses."

The board of directors certify to the supervisors of the county the amount voted, who levy a tax upon the district necessary to raise it. It will be seen that the district does not levy the tax,—it simply determines the amount to be raised; and it will be observed also that the tax is upon the whole district. The section above quoted directs that the tax so levied shall be apportioned among the several subdistricts in accord with equity and justice, taking account of the sums before levied upon the subdistricts for the same purpose.

It will be at once seen that a subdistrict is dependent upon the vote of the whole district for the amount it may raise and expend for school-houses. But the subdistrict may require a sum greater than that apportioned to it from the tax levied by the supervisors, and it may be the wish of the electors to build a more costly house than could be erected by the expenditure of the amount apportioned to it by the directors, or it may need two houses, thus requiring a larger sum of money than its share of the avails of the tax. Now, if the subdistrict cannot direct or authorize the levy of an additional tax, it cannot gratify its desires or supply its necessities in this regard, but must content itself with expending just the amount of money, and no more, which it obtained under the vote of the electors of the district. But the section quoted provides for just the condition of things referred to, by requiring the directors to certify to the supervisors an amount required by the subdistrict in excess of the sum apportioned to it out of the tax voted by the electors of the whole district, and by requiring the supervisors to levy that amount upon the subdistrict.

Here is power conferred to levy a tax for an amount to be

determined by the electors of the subdistrict. The law, by implication, bestows authority upon the subdistrict to vote the amount required by it in excess of the amount awarded out of the sum voted by the electors of the district. Unless this authority is possessed by the subdistrict, the directors and supervisors cannot exercise the authority conferred by the section quoted. It is a familiar rule of the law that authority to do an act implies authority to do all other acts necessary to be done in executing the power conferred. The law will always presume the existence of authority to do acts incidental and necessary to the discharge of lawful power. This rule, doubtless, applies to the case where an officer or corporation is authorized and directed by statute to raise or expend money to the amount and in the manner to be determined by another officer or another corporation or organization. Such officer, corporation or organization is incidentally clothed with authority to act in the manner contemplated by the statute; otherwise the principal authority conferred by the statute, and its purposes, would be nullified and defeated. The courts will always construe a statute so that express power conferred thereby will be upheld, and its plain purposes effectuated. We therefore find in the section quoted authority conferred by implication upon the electors of the subdistrict to vote a sum, to be expended in the construction of a school-house, in excess of the amount voted by the electors of the district township.

III. It is insisted that, as the subdistrict had a school-house, it cannot erect another. We find nothing in the statute declaring that the subdistricts shall each have but one house. Each may have more than one school. Code, § 1727. If it be necessary, in order to maintain more that one school in a subdistrict, to build another house, the authority to erect it is implied from the authority to maintain more than one school.

<div style="float:left">2. ——: number of school-houses in subdistrict.</div>

IV. The question whether the subdistrict did vote to

3. ——: state superintendent: decision of final. raise a sum for a school-house, and other questions of fact arising upon defendant's appeal, were determined by the superintendent of public instruction, and his decision thereof is final. We cannot review it. Code, § 1835.

V. The plaintiff complains on his appeal of the action of the district court in failing or refusing to order a school to be 4. ——: ordering term of school: power of district court. held in the village. The county superintendent made an order directing that a school might be held for three months in the summer of .1885. The superintendent of public instruction affirmed this order. But when this case was commenced in the district court, the time for the school, as prescribed by the judgment of the superintendent of public instruction, had passed. His order, therefore, could not have been enforced by the district court. We know of no authority possessed by the court to fix another time for the school. The circumstances may have so changed that a school was not required. At all events, the issue in the case did not raise any question as to a school at another time. The district court, therefore, rightly sustained a demurrer to the petition based upon this ground.

VI. The plaintiff claims $200 damages in his petition, and introduces evidence showing the expenses incurred, and 5. SCHOOL directors: liability for errors: damages. value of his time lost, in prosecuting his appeals from the action of the directors of the district township, and the county superintendent, and the amount paid by him for the tuition of his children. The district court allowed no part of his claim for damages. We think the decision correct. There is nothing authorizing the conculsion that the decision and acts of the defendants were not done in good faith, and in an honest attempt to discharge their duties. They were not prompted by a spirit of oppression. They are therefore not liable to plaintiff for the losses or expenses incurred by him by reason of their action.

We have disposed of all questions presented in the case. The judgment of the district court is

AFFIRMED.