W. H. SMITH v. STATE BOARD OF MEDICAL EXAMINERS
ET AL., Appellants.

Physicians: REVOCATION OF CERTIFICATE; CONSTITUTIONAL LAW: DUE PROCESS. The right to practice medicine is a valuable right and is not to be taken away without due process of law, which contemplates notice and an opportunity to defend; but the statutes authorizing the State Board of Medical Examiners to revoke a physician's certificate need not expressly provide the notice to be given; if by fair implication they contemplate notice and hearing they will not be held violative of the constitutional provision in that regard. Code sections 2578 and 2576, in relation to the subject, when construed together, imply that parties interested in matters before the board shall be given an opportunity to be heard and are not for that reason unconstitutional.

*Appeal from Polk District Court.*—HON. A. H.
McVEY, Judge.

THURSDAY, OCTOBER 29, 1908.

SUIT to restrain the State Board of Medical Examiners from prosecuting certain proceedings instituted by and pending before said board, against the plaintiff for the purpose of revoking his certificate to practice medicine,

surgery, and obstetrics in the State of Iowa. At the time of the commencement of the proceedings complained of and of this suit, the plaintiff was a resident of the town of Shell Rock, Butler County, Iowa, where he had for many years been engaged in the practice of medicine as a physician and surgeon. In September, 1886, the Iowa State Board of Medical Examiners issued to him a certificate entitling him to practice his profession in the State. On the 14th of June, 1905, the plaintiff received from the State Board of Medical Examiners a notice requiring him to appear before said board at Des Moines on July 5, 1905, and show cause why his certificate should not be revoked for incompetency. On the 21st of June the plaintiff was notified by said secretary that the time for the hearing had been changed to July 28, 1905. On July 28 the plaintiff and his attorneys appeared before the board at Des Moines, at which time the proceedings against him were dismissed. On the 8th of August, 1905, the State Board of Medical Examiners met in special session, and voted to prefer charges against the plaintiff for the purpose of revoking his certificate to practice medicine on the ground of incompetency; and on the same day prepared and filed an information in writing against him. On the 21st of August, 1905, a copy of such information, together with a citation, was served on the plaintiff, notifying him to appear before said board at Des Moines, on the 19th of September, 1905, and show cause why his certificate should not be revoked. September 19th the plaintiff personally and his attorneys appeared before said board and demurred to the information. The demurrer was overruled, and, after the disposition of some other preliminary matters, the hearing proceeded until the evidence for the complainant was closed, when further hearing was postponed until November 1, 1905, to enable the plaintiff to take his evidence in the form of depositions. October 6 the plaintiff commenced this action, and ob-

tained a temporary injunction restraining the defendants from further prosecuting said proceeding or revoking the plaintiff's certificate, and on final hearing the injunction thus issued was made perpetual. The defendants appeal. *Reversed.*

*J. E. Williams,* for appellants.

*Geo. A. McIntyre* and *Courtright & Arbuckle,* for appellee.

SHERWIN, J.—The petition alleged the following grounds for the restraining order:

First. That that portion of section 2578 of the Code which authorizes, or attempts to authorize, the State Board of Medical Examiners to revoke the certificate of a physician and surgeon for incompetency, is illegal and void; being in violation of the provisions of section 9, art. 1, of the Constitution of the State of Iowa.

Second. That said portion of said section of the Code is illegal and void because it contravenes and is in violation of the provisions of section 1 of the fourteenth amendment to the Constitution of the United States.

Third. That said portion of said section of the Code attempts to delegate to said State Board of Medical Examiners legislative powers in contravention and in violation of the provisions of section 1, 'Legislative Powers,' art. 3, of the Constitution of Iowa.

Fourth. That the action of the said State Board of Medical Examiners under the provisions of section 2578 of the Code was arbitrary, unreasonable, illegal, and void.

The power of the State Board of Medical Examiners to revoke the certificate of a physician is contained in the following clause of section 2578 of the Code: "The Board of Medical Examiners may refuse to grant a certificate to any person otherwise qualified, who is not of good moral character, and for like cause, or for incompetency, . . .

may revoke a certificate by an affirmative vote of at least five members of the board. . . . After the revocation of a certificate, the holder thereof shall not practice medicine, surgery or obstetrics in the State."

The particular provisions of the Federal and State Constitutions which it is claimed are violated by the statute in question are those which declare that no person shall "be deprived of life, liberty, or property without due process of law," and the provision of the State Constitution which declares that "the legislative authority of the State shall be vested in a General Assembly, which shall consist of a senate and a house of representatives. . . ." It is contended that the statute under consideration is unconstitutional and void because it does not provide or require that the accused shall be notified in any manner of the proceeding to revoke his certificate, or provide or require that he shall be given an opportunity to appear and defend himself; and hence it is possible for the board to "arbitrarily take from the physician his property, and deprive him of the liberty to follow his chosen profession, without due process of law or without any process." Whether the right to practice medicine be classed as a property right, strictly speaking, or as a mere privilege, is not material; for, whichever name be given it, it is a valuable right which cannot be taken away without due process of law, the essential elements of which are notice and opportunity to defend. *State v. Bair,* 112 Iowa, 466; *Foule v. Mann,* 53 Iowa, 42; *Beebe v. Magoun,* 122 Iowa, 94; *Traer v. State Board of Med. Exam'rs,* 106 Iowa, 559. But due process does not require that any particular form of proceedings be observed, but only that the same shall be regular proceedings, in which notice is given of the claim asserted and an opportunity afforded to defend against it. *Louisville & N. R. Co. v. Schmidt,* 177 U. S. 230 (20 Sup. Ct. 620, 44 L. Ed. 747); *Iowa C. R. Co. v. Iowa,* 160 U. S. 389 (16 Sup. Ct. 344, 40 L. Ed. 467; *Simon*

*v. Craft,* 182 U. S. 427 (21 Sup. Ct. 836, 45 L. Ed. 1165). And, while statutes regulating the practice of medicine clearly fall within the police power of the State, they cannot be permitted to override the Constitution, but they must be reasonable, and, when a valuable right is sought to be disturbed thereunder, the provision of the Constitution prohibiting the taking of property without due process of law is paramount, and must be observed. *Rodemacher v. The M. & St. R. Co.,* 41 Iowa, 297; *State v. Schlenker,* 112 Iowa, 642; *State v. Redmon,* (Wis.) 114 N. W. 137 (14 L. R. A. (N. S.) 229); *Mugler v. Kansas,* 123 U. S. 623 (8 Sup. Ct. 273, 31 L. Ed. 205); *Colon v. Lisk,* 153 N. Y. 188 (47 N. E. 302, 60 Am. St. Rep. 609); *Dent v. State of West Va.,* 129 U. S. 114 (9 Sup. Ct. 231, 32 L. Ed. 623).

In *Beebe v. Magoun,* 122 Iowa, 94, in discussing the necessity of notice of the assessment of the cost of street improvements, we quoted with approval the language of the Court of Appeals in *Stuart v. Palmer,* 74 N. Y. 183 (30 Am. Rep. 289), as follows: "It is not enough that the owners chance to have notice, or that they may, as a matter of favor, have a hearing. The law must require notice to them, and give them the right to a hearing and the opportunity of being heard." And this rule is, we think, supported by the decided weight of authority and applicable to the question now before us. See note to *Sterritt v. Young,* 14 Wyo. 146 (82 Pac. 946, 4 L. R. A. (N. S.) 169, 116 Am. St. Rep. 994), and cases therein cited. But, although a statute may not expressly provide for notice, it will not be held unconstitutional or invalid if the requirement of notice may be fairly implied therefrom. In some of the cases it is said that notice is to be implied from the very fact that it is a constitutional requirement, irrespective of particular provisions in the statutes apparently contemplating that notice is to be given. *In re Road,* 109 Pa. 118; *Kearney Twp. v. Bal-*

*lantine,* 54 N. J. Law, 194 (23 Atl. 821); *Baltimore &
O. R. Co. v. Pittsburg, W. & K. R. Co.,* 17 W. Va. 812;
*Paulsen v. Portland,* 149 U. S. 30 (13 Sup. Ct. 750, 37
L. Ed. 637); *Wood v. Farmer,* 69 Iowa, 533; *Iowa
Eclectic Med. College v. Schrader,* 87 Iowa, 659 (55 N.
W. 24, 20 L. R. A. 355). In *Wood v. Farmer, supra,*
it is said: "It is a familiar rule of the law that authority
to do an act implies authority to do all other acts neces-
sary to be done in executing the power conferred.    The
law will always presume the existence of authority to do
acts incidental and necessary to the discharge of lawful
power.   .   .   .   Such officer   .   .   .   is incidentally
clothed with authority to act in the manner contemplated
by the statute; otherwise the principal authority conferred
by the statute and its purposes would be nullified and
defeated."    In *State ex rel. Powell v. State Med. Ex-
amining Board,* 32 Minn. 324 (20 N. W. 238, 50 Am.
Rep. 575), a similar statute was held to be constitutional,
notwithstanding the fact that no provision was made therein
for a hearing other than by implication, and it was said:
"It is so opposed to the principles of the common law
that any fact affecting the rights of an individual shall
be investigated and determined *ex parte,* and without op-
portunity being afforded to the party to be affected thereby
to be heard, that this act should not be construed as con-
templating such a proceeding, unless that purpose is ex-
pressed in the plainest terms.    While the act does not
prescribe the manner in which the proceedings for the
determination of the matter referred to in section 9 shall
be conducted, there is nothing to indicate that it was in-
tended that such investigations and the determination of
the fact should be made *ex parte,* or without reasonable
opportunity given to the party interested to be heard."
Section 2576, Code, relating to the practice of medicine,
must be considered in connection with section 2578 in
determining the question before us, for it relates to the

same matter, and that section provides as follows, so far as the same is material here: "The State Board of Medical Examiners shall consist of the physicians of the State Board of Health, and the secretary of the board of health shall be secretary thereof. It shall hold regular meetings in May and November and special ones as may be necessary, due notice thereof being given, at which it shall discharge the duties contemplated by this chapter. . . . In all examinations made or proceedings had pursuant to the provisions of this chapter, any member of the board may administer oaths and take testimony in any manner authorized by law." The granting of a certificate and its revocation are an exercise of the police power of the State identical in their objects and power. *State ex rel. Chapman v. State Medical Exam'rs*, 34 Minn. 387 (26 N. W. 123); *Meffert v. State Board of Medical Registration & Examination*, 66 Kan. 710 (72 Pac. 247, 1 L. R. A. (N. S.) 811). And by the express terms of section 2576 the granting of a certificate, or the revocation thereof, can only be done at a regular meeting, or at a special meeting of which due notice has been given. And we think it fairly implies that parties interested in the matters pending before the board shall be given an opportunity to be heard. The further provision that in all examinations made or proceedings had pursuant to the provisions of the entire chapter oaths may be administered and testimony taken in any manner authorized by law in our judgment contemplates contests which are possible only when all interested parties are before the board. The board does not act in a judicial or legislative capacity in granting or revoking certificates, but it acts in a ministerial or *quasi* judicial capacity. *Meffert v. State Board of Medical Registration & Examination, supra; Traer v. State Board of Med. Ex.*, 106 Iowa, 559; *State ex rel. Chapman v. State Med. Ex., supra.* And in its ministerial capacity it may, without violating article 3 of the Constitution,

determine the character of notice and the method and manner of procedure. See cases, *supra.* Every requirement of the law is met if the party be given a fair and reasonable opportunity to be heard. That the appellee had such opportunity is conclusively shown by the record.

The trial court erred in granting the injunction, and the judgment is *reversed.*