GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff and Appellant, *v.* MARÍA PETRA BRAÑUELA ET AL., Defendants and Appellees.

No. 8433. Argued January 12, 1943.—Decided April 5, 1943.

*Brown, González & Newsom* and *R. Rodríguez Antongiorgi* for appellant. *M. Rodríguez Ramos, Acting Attorney General,* and *Eulogio Riera, Deputy Attorney General,* for appellee Treasurer of Puerto Rico. *James R. Beverly, R. Castro Fernández,* and *José López Baralt* for *amicus curiae,* Smallwood Brothers, Inc.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The plaintiff-appellant filed a motion asking us to reconsider our judgment of July 13, 1942, (60 P.R.R. 680). Con-

702

sidering the reasons upon which said motion is predicated and those stated by Smallwood Brothers as *amicus curiae,* we decided to reconsider the said judgment and ordered a new hearing.

It is not necessary to state once more the facts in this case. We refer to our prior opinion, *supra.*

Appellant's contention is as follows:

(1) That as assignee of the rights of the conditional vendor of an automobile which was captured while engaged in the transportation of intoxicating beverages upon which the tax required by law had not been paid, the appellant is an innocent third party whose interest can not be affected by the confiscation of said vehicle as prescribed by §62 of the Spirits and Alcoholic Beverages Act.

(2) That §62 of the said law is unconstitutional as to persons having an interest in the vehicle because it does not give them notice and an opportunity to protect their right.

For a better understanding of the discussion that we shall undertake it is convenient to transcribe said §62, which reads as follows:

"Section 62.—The Treasurer is hereby authorized to confiscate any vehicle, boat, launch, or other water or air craft which is apprehended loaded or while loading, transporting, carrying or transferring any distilled spirits or alcoholic beverages illegally manufactured, imported, distilled or rectified and on which the taxes prescribed by this Act have not been paid; and same shall be sold at public auction for the benefit of The People of Puerto Rico; *Provided,* That the Treasurer in his discretion may, if the public service so requires, designate not more than five (5) of such motor vehicles or boats to be used by duly authorized officials and agents of the Bureau of Alcoholic Beverages and Narcotics."

In our previous opinion we had no need of considering if the transcribed legal provisions should be interpreted as to whether it protects the rights that third innocent parties could have in the confiscated vehicle. Then we said:

"The above provision is mandatory in so far as it authorizes the Treasurer to confiscate any vehicle, boat, etc., which is apprehended in the transportation of any distilled spirits or alcoholic beverages on which the taxes prescribed by law have not been paid. Statutes such as the one under consideration have been given different constructions as regards any rights to the vehicle held by third persons who had no knowledge of, or who had not consented to, the unlawful use of the property, either expressly or impliedly. (P. 683.)

"  *        *        *        *        *        *        *

"In the case at bar the appellant has failed to place us in a position to pass upon the question raised in its brief, since there is no ground on which to rely for assuming that it is an innocent third person and it was incumbent on the appellant—which now asserts—to allege and prove that fact." (P. 684.)

The first question in the original opinion thus decided, we immediately passed to consider on that occasion if the law violated the constitutional guaranty of due .process of law, that is, if it granted or did not grant the owner or a third person interested in the vehicle the right to be notified and the opportunity to be heard in defense. We decided that although §62 does not say anything about notification and opportunity to be heard, nevertheless §97 of the same law grants fully said opportunity. (P. 684.) This section in its pertinent part reads as follows:

"Section 97.—Whenever the Treaasurer of Puerto Rico is empowered by this Act to sell articles or products attached by him or by his agents, any aggrieved person may appeal to the corresponding district court, and said court shall have jurisdiction, after due hearing, to confirm, revoke, or modify the decision of the Treasurer. Said appeal shall be made within ten days after the interested person is notified."

The appellant alleges now for the first time that the general rule to the effect that in civil proceedings in which the commission of a crime, or any kind of criminal conduct is involved, that innocence and good faith are presumed, is applicable to its case and it invokes §85 of The Spirits and Alcoholic Beverages Act, which provides:

"Section 85.—Every person who violates or fails to observe any of the provisions of this Act or of the regulations which by virtue hereof ·may be promulgated; and every person who knowingly aids, permits, or otherwise assists another to violate or to fail to observe any of the provisions of this Act or of its regulations in regard to its provisions, shall, when no other penalty is specifically indicated, be guilty of a misdemeanor."

The appellant also cites *American Jurisprudence,* vol. 20, p. 217, §221.

We grant that the assignee of the rights of the conditional vendor of an automobile that knowingly permits that said automobile be used for the transportation of alcoholic beverages in violation of the law, is criminally liable in accordance with what is provided in said §85. This being so, the appellant is entitled to the presumption of innocence that it invokes. Admitting that the appellant is entitled to the presumption of an innocent third party, it has a right that it be decided if the confiscation prescribed by §62 affects its rights on said vehicle.

An examination of the monographs contained in 47 *American Law Reports,* p. 1055; 61 *id.* at 551; 73 *id.* at 1087; 82 *id.* at 607; and 124 *id.* at 288, where the opinions of the State and Federal Courts interpreting the diverse statutes on the matter are collected and classified, reveals the disagreement existing between the different jurisdictions with regard to the rights of innocent third parties when the statute, like ours, is silent about said right.

In South Carolina, where there existed a legal provision similar to §62, *supra,* it was decided that it should be presumed that the Legislature had the intention to exclude from the effects of the law the rights of innocent third parties, in this form avoiding that the statute would be unjust in its application. *Seignious* v. *Limehouse,* 93 S. E. 193, citing with approval *Moody* v. *McKinney,* 53 S. E. 543.

In Texas there is a statute upon the matter which expressly declares that the vehicle illegally used constitutes a

public nuisance, and orders that the same be sold, if it has any value or can be used for any legitimate purpose, and the product of such sale be deposited in the Treasury of the State, and that in case it has no value, it should then be destroyed. Interpreting it, although not making reference to the rights of innocent third parties, the courts of that State have decided that the confiscated automobile was subject to the lien of the conditional vendor. In other words, that the rights of the conditional vendor were not affected by the confiscation. *General Motors Acceptance Corporation* v. *State,* (Tex. 1919) 12 S. W. (2) 968.

On the other hand, the Supreme Court, interpreting §3450 of the Revised Statutes of the United States, from which §62 of The Spirits and Alcoholic Beverages Act has been taken, has decided that the confiscation proceeding is directed against the vehicle itself and not against its owner and that therefore the rights that upon said vehicle could be had by innocent third parties are not protected, except in those cases in which it is proved that the possession of the vehicle has been obtained by the violator without the express or implied consent of the owner or of third innocent parties, as happens when the vehicle has been stolen. In other words, if the owner or the third innocent party directly or indirectly has placed the vehicle in the possession of the violator or of the person under whose orders he acts, the rights of the owner or of the third innocent party, under such circumstance, runs the risk that goes along with whatever use to which the one in possession dedicates the vehicle. *Goldsmith Jr. Grant Co.* v. *United States* (1920) 254 U. S. 505; *Dobbin's Distillery* v. *United States,* 96 U.S. 395.

Aside from the fact that the decisions of the United States Supreme Court are mandatory on this court, there is applicable also the rule of legal interpretation which provides that when a statute from another jurisdiction is adopted, unless the contrary is expressly prescribed, the

jurisprudence existing in the jurisdiction of its origin at the time of its adoption will be considered as included in the terms of the statute. Following therefore for this double reason the interpretation given by the United States Supreme Court of §3450 of the Revised Statutes, we have to arrive at the inescapable conclusion that §62 does not protect the interests of the appellant.

■ We shall now consider the second question raised. In our previous opinion, considering it, we said:

"Does the statute violate the constitutional guarantee of due process of law? In other words, does the law grant to the owner or person interested in the vehicle the right to be served with notice and an opportunity to be heard in his own defense? It is true that nothing is said in §62, *supra*, regarding that notice and an opportunity to be heard, but §97 of the same act amply and sufficiently grants such opportunity. The latter section in its pertinent part reads as follows:

" 'Section 97. Whenever the Treasurer of Puerto Rico is empowered by this Act to sell articles or products attached by him or by his agents, any aggrieved person may appeal to the corresponding district court, and said court shall have jurisdiction, after due hearing, to confirm, revoke, or modify the decision of the Treasurer. Said appeal shall be made within ten days after the interested person is notified.'

"It might be argued that the hearing takes place after the confiscation has been decreed; but this circumstance is immaterial for the purpose of the constitutional guarantee under consideration. What matters is that the injured party be given an opportunity to be heard before the disposal of the vehicle by the Treasurer. *American Surety Co.* v. *Baldwin,* 287 U. S. 156, 77 L. ed. 1289; *Chicago* v. *O'Connell,* 8 A.L.R. 916.

"It is true that §97 fails to state when the notice shall be served on the person or persons interested, but since said section provides that the appeal shall be taken within 10 days from the service of the notice, such provision clearly implies the duty, on the part of the Treasurer, to serve notice on the interested parties, and so long as such service is not made, the time to appeal does not expire and

while the appeal is pending, the seizure does not become final and the Treasurer can not dispose of the vehicle to the prejudice of the parties interested in such property." (Pp. 684–5.)

To what we then said, we can now add, that when in a statute, as happens with the one now under our consideration, there is no provision for notification to the interested parties, said statute will not be declared unconstitutional for this reason, if from its context the requisite of notification could be easily inferred. *Smith* v. *State Board of Medical Examiners (Iowa,* 1908) 117 N. W. 1116, 1117, and cases therein cited. Cf. *Paulsen* v. *Portland,* 149 U. S. 30, 37 L. ed. 637; *The Japanese Immigrant Case,* 189 U. S. 86, 100; *United States* v. *Delaware & Hudson Co.,* 213 U. S. 366, 408; *Bratton* v. *Chandler,* 260 U. S. 110; *Toombs* v. *Citizens Bank,* 281 U. S. 543.

It should be observed that §97, *supra,* in establishing the proceedings to review the decision of the Treasurer, prescribes:

"Said appeal shall be made *within ten days after the interested person is notified.*"

On the face of such a definite provision, can it be argued that the requisite of notification is not inferred from our statute?

█ The fact that the statute does not describe the proceeding to be followed before the district court does not affect its validity. It is sufficient if it does not have any provision which will indicate that the proceeding must be *ex parte* or without a reasonable opportunity for the parties to be heard. Under such conditions the court will have a wide discretion with reference to the form of the notification and the manner of the proceedings. *Smith* v. *State Board of Medical Examiners, supra,* p. 1118; *Paulsen* v. *Portland, supra,* p. 39.

The aforesaid reasons lead us to the same conclusion that we arrived at in our previous opinion and therefore the appeal should be denied and the order appealed from affirmed.