## MARSHALL v. SLOAN et al.

Mandamus: WHEN ALLOWABLE: AGAINST SCHOOL DIRECTORS. A party aggrieved by the action of a board of school directors having an adequate remedy by appeal to the county superintendent, and from thence to the State superintendent, is not entitled to a writ of mandamus.

*Appeal from Louisa District Court.*

WEDNESDAY, DECEMBER 13.

APPLICATION FOR MANDAMUS. Demurrer to plaintiff's petition overruled. Defendants appeal. The further facts are stated in the opinion.

*Bird & Tatlock* for the appellants.

*J. S. Hurley* for the appellee.

MILLER, J. — The petition alleges that the district township of Marshall, in Louisa county, Iowa, is a corporation under the laws of Iowa; that the defendants constitute the board of directors and officers of the district township; that said district township is composed of the civil township of Marshall and also a portion of the civil township of Morning Sun in said county (describing the territory); that in pursuance of section 78 of chap. 172 of the Laws of 1862, written application of two-thirds of the electors residing in the territory described was made to the re-

spective boards of directors of the district townships of Marshall and Morning Sun; that plaintiff, at a regular meeting of the board of directors of the district township of Marshall, on the third Monday in September, 1870, made a written application of two-thirds of the electors residing in said described territory, asking said board to act upon and concur with the board of directors of the district township of Morning Sun, to change the boundary lines of the respective district townships and attach the aforesaid territory to the district township to which it geographically belongs; that plaintiff requested and demanded said board to act; that said board neglected and refuséd to do so as is shown by a copy of their proceedings attached and made part of the petition, whereby, it is alleged, plaintiff is damaged and hindered in the matter of school facilities for the proper education of his children. A peremptory writ of mandamus is prayed commanding the board of directors of the district township of Marshall to act upon and concur in with the board of directors of the district township of Morning Sun and make the change in said boundary lines of said district townships as provided by law.

A copy of the written petition is annexed, and made exhibit A. And a copy of the action of the defendants thereon is also annexed and is as follows:

*" September* 19, 1870.

" The board of directors of the district township of Marshall met this day at the school-house in sub-district No. 4. Members all present. Board called to order by the president and proceeded to business. Elias Marshall presented a petition signed by himself and others, praying the board to cede to district township of Morning Sun, the following described lands, to wit: the north half of sections 15 and 16. It was moved and seconded that the petition be rejected. Motion carried."

This is duly certified as a correct copy of the record.

To this petition defendants filed a demurrer, which was overruled by the court.

A special answer of John Marshall and Robert Coulter was filed in which they showed they were not members of the school board of the district township of Marshall and had not been since March, 1871. Whereupon the plaintiff asked and obtained the substitution of George Stinger and George S. Nichols instead of said Marshall and Coulter. The plaintiff also by leave of court amended his petition by alleging that " the school-house in the sub-district in which plaintiff lives, and which is composed of territory from the civil townships Morning Sun and Marshall, is situated in the township of Marshall and not in the township of Morning Sun where plaintiff resides."

I. The first and third assignments of error relate to the action of the court in allowing plaintiff to amend after the demurrer was overruled. There was no error in this ruling. At least there was no abuse of that discretion, in allowing the amendment, which the statute confers upon the *nisi prius* courts.

II. The demurrer raises the question as to the plaintiff's right to the remedy by mandamus under the facts stated in the petition.

The statute provides that the writ of mandamus " shall not be issued in any case where there is a plain, speedy and adequate remedy, in the ordinary course of law, except as herein provided." Rev., § 3765.

It is provided in the school laws, " that any person aggrieved by any decision or order of the district board of directors, in matter of law or of fact, may, within thirty days after the rendition of such decision, or the making of such order, appeal therefrom to the county superintendent of the proper county." Rev., § 2133.

The plaintiff complains that he is aggrieved by the decision of the board of directors in rejecting his petition.

The section last quoted gives him a plain and speedy remedy by appeal to the county superintendent. This is the remedy which is provided by the law for all cases of this character. The appeal may be taken at once. The remedy is plain and speedy. And it is also adequate. Upon the hearing of the appeal the county superintendent is required to hear testimony on behalf of either party. The fullest opportunity is allowed for a thorough investigation of the matter of the appeal, and the superintendent is required to "make such decision as shall be just and equitable." Rev., § 2138. And if the appellant is aggrieved by the decision of the county superintendent he may appeal in like manner to the State superintendent of public instruction. Rev., § 2139, as amended by § 12, chap. 143, Laws of 1866.

Having this plain, speedy and adequate remedy the plaintiff is not entitled to the writ of mandamus; at all events, not in the first instance. He is not entitled to the writ of mandamus to accomplish the same object which is plainly, speedily and fully attainable in the ordinary method provided by the law. We do not hold that he would not be entitled to this writ if, after pursuing the ordinary remedy by appeal and establishing his right, the proper officer refused to perform the duty in the premises which the law enjoined. Upon that question we give no opinion.

The judgment of the court below will be

Reversed.