BENJAMIN v. THE DISTRICT TOWNSHIP OF MALAKA ET AL.

1. **School District**: TAXATION FOR SCHOOL-HOUSE. Where, at a meeting of the electors of a district township, it was voted " that there be an appropriation sufficient to build a house on the line between sub-districts 1 and 8," and it was further voted " that there be eight hundred dollars levied as school-house tax," it was *held* that this amounted to voting a tax for the school-house described in the first motion.

2. ———: ———: MANDAMUS. The directors having refused to proceed to the erection of a school-house, *mandamus* was the proper remedy to compel them to do so.

3. ———: ———: VESTED RIGHT. The tax having been voted and collected the right of the people of the sub-district to the school-house became a vested one, and it was not then competent for the electors to rescind their former action.

*Appeal from Jasper District Court.*

FRIDAY, APRIL 25.

THE object of this action is to obtain a writ of *mandamus* compelling the defendant board of directors to select a site and erect thereon a school-house, in pursuance of a vote of the electors of the district township.

The District Court granted the relief asked, and the defendants appeal.

*J. C. Cook,* for appellants.

*Smith & Wilson,* for appellee.

Benjamin v. The District Township of Malaka.

SEEVERS, J.—I.   At a meeting of the board of directors in September, 1875, it was determined "that the matter of furnishing a school-house to Mr. Benjamin and others be left to the spring meeting" and at such meeting of the electors in 1876, the following proceedings were had: "Motion made that we proceed to the regular order of business, viz.: taking under consideration the building of a school-house on the line between sub-districts 1 and 8.   Carried.   Motion made that there be an appropriation sufficient to build a house on the line between sub-districts 1 and 8.   Carried.   Motion made that there be eight hundred dollars levied as school-house tax.   Carried."

*1. SCHOOL district: taxation for school-house.*

The house mentioned in these proceedings is the one plaintiff seeks to compel the board of directors to erect, they having refused to do so.   The taxes voted as above stated were levied and collected.

It is provided by statute that the directors, when assembled, have the power "to vote such tax, not exceeding ten mills on the dollar, * * * as the meeting shall deem sufficient for the purchase of grounds and the construction of the necessary school houses."   Code, § 1717.   And it is the duty of the board of directors "to carry out any vote of the district."   Code, § 1723.

It is insisted the electors did not determine to erect the particular house in question, and that the tax was not voted for that purpose.   The testimony fails to show that any other house was contemplated or even thought of at the time.

It clearly appears that the electors determined to and did make an appropriation sufficient to build the house in question, and at the same time determined to raise "eight hundred dollars as a school-house tax."   This must, under the circumstances, be construed to be an appropriation to that extent for the house about which the electors were consulting.

Their action can have no other meaning.   We think the electors determined to erect this house, made an appropria-

Benjamin v. The District Township of Malaka.

tion sufficient for the purpose, and agreed to raise by taxation eight hundred dollars for such purpose, and no other.

II. It is urged that the remedy of the plaintiff was to appeal from the refusal of the board of directors to the county superintendent, and that this action will not lie because there was another plain, speedy, and adequate remedy. In support of this position, *Marshall v. Sloan et al.*, 35 Iowa, 445, is cited. That case is not in point, because under the statute governing that decision the thing to be done was, to some extent at least, discretionary. It was not the positive duty of the board to take the action desired by the plaintiff in that case. Here, as we have seen, there is a plain official duty to be performed. An appeal would not afford either a speedy or adequate remedy, for the school officers have no power to enforce their decisions, and therefore the plaintiff might be compelled to come into the courts at last. Where a positive official duty is enjoined by law upon any officer, and as to the mode or manner of performance he has no discretion, the only adequate remedy ordinarily is that of *mandamus*.

2. ——. ——: mandamus.

III. After the tax had been collected and this action commenced, the electors, at the annual meeting in 1878, rescinded their previous action in relation to the erection and appropriation for the house in question. By the payment of the taxes levied and collected for the purpose of erecting the house, the plaintiff's right thereto became vested, and no subsequent action of the electors, without his consent, could have the effect of depriving him of such right. The cases cited by the appellants are not applicable.

3. ——: ——: vested right.

AFFIRMED.