AANANSON V. ANDERSON ET AL.

1. **School Directors:** DUTY TO PROVIDE SCHOOLS: DISCRETION:
REMEDY. Whether the directors of a district township shall rent a
room and employ a teacher for the accommodation of any five scholars,
under § 1725 of the Code, is a matter wholly in their own discretion,
and their action is to be reviewed, if at all, by appeal to the county
superintendent. *Mandamus* will not lie.

*Appeal from Emmet District Court.*

THURSDAY, OCTOBER 28.

ACTION for a *mandamus* to compel the defendants, as
directors of the district township of Swan Lake, to provide
school privileges for the plaintiff's children.   There was a
demurrer to the plaintiff's petition, and the demurrer was
sustained.   The plaintiff elected to stand upon his petition,
and judgment was rendered against him for costs.

*Soper & Allen,* for appellant.

*J. G. Myerly,* for appellees.

ADAMS, CH. J.—The plaintiff shows in his petition that the
nearest school-house in the district township of Swan Lake
is three miles distant from him; that he has five children of
school age; and that no other school has been provided for
his children.   He also shows that the district township has
an abundance of school-house and teacher's funds.   The
defendants demurred, on the ground substantially, that the
duty of providing a special school for the accommodation of
any particular person or persons is a matter of discretion,
and the exercise of the duty may be entirely omitted if the
directors, in their judgment, think best to do so.

The statute upon which the plaintiff relies is section 1725
of the Code, and is in these words: "They (the board of
directors) shall determine where pupils may attend school,

and for this purpose may divide their districts into such subdistricts as may by them be deemed necessary, provided no such subdistrict shall be created for the accommodation of less than fifteen pupils; but the board shall have the power to rent a room and employ a teacher for the accommodation of any five scholars." The plaintiff's position is that the power to rent a room and employ a teacher carries with it the duty to do so in every case where the means of the district township and needs of the scholars are such as to render it proper to do so; and he claims that he shows a clear case both as to the means of the district township and the needs of the scholars. But in our opinion his position cannot be sustained. We cannot think that the defendants were bound to make an issue of fact upon such a question. It is probable that there are few men who have a family of five or more children of school age who would not like to have a special school set up near his own door for his sole accommodation, and if every man so desiring could draw the directors into litigation over the indefinite questions as to the needs of the children and means of the district township, very few men would want to hold the office of director of the district township. In our opinion, the law wisely contemplates that this is a matter wholly in the discretion of the board, and that their action is to be reviewed, if at all, by the simple and inexpensive method of appeal to the county superintendent.

AFFIRMED.