STATE OF IOWA, EX REL. W. C. ARNOLD and Z. A. MARSHALL, v. B. F. THOMAS AND OTHERS, Constituting the Board of Directors of Richland School Township, Appellants.

**Schools:** APPEAL: DETERMINATION BY STATE SUPERINTENDENT: FINALITY. Determination by the State Superintendent of Public Instruction on appeal from the action of a school board, concerning a matter exclusively within its jurisdiction, is final and will not be reviewed by the courts.

**Same:** *Mandamus.* Mandamus will lie to compel a school board to perform the final determination of the State Superintendent, rendered on the appeal of a question of which the school authorities have exclusive jurisdiction, when the board arbitrarily refuses to comply therewith.

**Same:** CONSTITUTIONAL LAW: DUE PROCESS. The enforcement by *mandamus* of an order of the State Superintendent, made on appeal from a school board, directing the board to furnish transportation for the pupils to other districts, rather than to provide a temporary school within the district, is not a deprivation of property without due process of law.

*Appeal from Wapello District Court.*—HON. M. A. ROBERTS, Judge.

MONDAY, OCTOBER 23, 1911.

*Chester W. Whitmore,* for appellants.

*Jno. W. Lewis* and *Seneca Cornell,* for appellees.

SHERWIN, C. J.—The public school building in subdistrict No. 7, in Richland school township, burned in

February, 1908, and thereafter during the remainder of the school year the board of directors conveyed the pupils to schools in adjacent districts.  The board refused to provide transportation for pupils to adjacent schools for the school year of 1909-10, and rented a building situated in the north part of subdistrict No. 7, employed a teacher for the school year, and there established a temporary school for that subdistrict.  Upon the refusal of the board to furnish transportation to pupils as it had done the year before, the relators appealed to the county superintendent, who affirmed the action of the board; whereupon the relators appealed to the State Superintendent of Public Instruction, who reversed the order of the county superintendent, ordered the discontinuance of the temporary school in subdistrict No. 7, and that the board furnish transportation to adjacent schools for those pupils residing in subdistrict No. 7 located more than one and one-half miles from such adjacent schools.  For reasons which undoubtedly seemed sufficient to the board, it refused to comply with the order of the State Superintendent, whereupon relators instituted this *mandamus* proceeding to compel obedience to the State Superintendent's order.  A trial was had, and the court ordered the immediate closing of the temporary school in subdistrict No. 7, and that the board furnish transportation to adjacent schools for all pupils in No. 7 residing more than one and one-half miles from the other schools.  In other words, the court sustained the finding of the State Superintendent, and ordered it carried out.  The defendants appeal.

The trial court held that the decision of the State Superintendent was final and binding on the board, and

1. SCHOOLS: appeal: determination by state superintendent: finality.

must be carried out, unless inability to do so were shown, or a state of facts amounting to "changed conditions" were proven. Neither inability nor changed conditions are shown by the record; hence, we have but two legal ques-

tions for determination: First, was the decision of the
State Superintendent final on the question presented to
him, and by him determined; and, second, may his deci-
sion be enforced by the court upon the arbitrary refusal
of the board to yield thereto? Code, section 2745, gives
the board of directors exclusive control over the affairs of
the school corporation, and it can not be questioned that
the respondent board had, in this instance, complete and
exclusive original jurisdiction over the controversy between
itself and the relators. Section 2818 of the Code says
that any person aggrieved by any decision or order of the
board of directors of any school corporation in a matter
of law or fact may appeal therefrom to the county super-
intendent; and section 2819 provides that the decision of
the county superintendent shall be final, unless appealed
from. Section 2820 of the Code authorizes an appeal
from the county superintendent to the Superintendent of
Public Instruction, and says that "the decision when made
shall be final." There can be no question as to the right
of appeal from the board of directors to the county super-
intendent on the questions involved herein, nor as to the
right of appeal from the county superintendent to the
Superintendent of Public Instruction, for the statute ex-
pressly gives such right; and any question which may be
reviewed and considered on appeal to the county superin-
tendent may be reviewed by the Superintendent of Public
Instruction. The appellants concede that both the board
and the county superintendent had jurisdiction in the mat-
ter, and if it be true that the latter had jurisdiction, it
must follow that the Superintendent of Public Instruction
also had jurisdiction to hear and determine the appeal
from the county superintendent, for the statute so de-
clares; and this is true whether the questions presented
involved the discretion of the board or not. Any question
that is appealable to the county superintendent is appeal-
able to the Superintendent of Public Instruction, and

when he has jurisdiction of both the subject matter and the parties his decision is final. *Doubet v. Ind. Dist.*, 135 Iowa, 95; *Newby v. Free*, 72 Iowa, 379; *Carpenter v. Ind. Dist.*, 95 Iowa, 303; *Kinzer v. Board*, 129 Iowa, 441. Many more of our own cases to the same effect might be cited, but it is not necessary to do so, because they may be easily found. The appellants rely upon *Perkins v. Board*, 56' Iowa, 476; *Wood v. Farmer*, 69 Iowa, 533; *Hinkle v. Saddler*, 97 Iowa, 526, and *State ex rel. v. Alexander*, 129 Iowa, 540, in support of their contention that the decision of the State Superintendent is not final; but an examination of those cases will show that none of them hold contrary to the holding herein. In the *Perkins* case it is only held that an appeal is not the exclusive remedy in certain cases; and it does not question the finality of a decision of the Superintendent of Public Instruction, where he has jurisdiction. The *Wood* case, instead of supporting the appellants' contention, holds that the decision of the State Superintendent on questions of fact is final. In the *Hinkle* case it is held that the courts have jurisdiction where questions of power or fraud are involved; and in *State v. Alexander* it was held that an appeal is not an exclusive remedy, where a question of power to act was involved. The appellants say that the questions before the board were of fact only; that their determination involved judgment and discretion, "which may not be controlled by the writ of *mandamus*." But an appeal may be taken in cases involving just such an act, and, following appellants' argument to its logical conclusion, the decision of the State Superintendent would have to be held final in this case, under the cases upon which they rely.

Conceding, then, as I think it must be, that the Superintendent of Public Instruction had jurisdiction to hear and determine the appeal in this matter, what remedy is open to the relators upon the respondents' refusal to obey

the judgment and order of said superintendent? It is
certainly true that the superintendent has
no power to enforce his order, and that it
must therefore be enforced by the courts. Code, section
4341, authorizes an action of *mandamus* to compel a
"board, corporation or person" to do an act, the perform-
ance of which the law enjoins as a duty resulting from
an office, trust, or station. Upon final decision of the State
Superintendent, the law required the respondent board to
perform the order of the superintendent; and its failure
to do so brought it within the provisions of section 4341.
*Newby v. Free, supra.* The writ generally issues to com-
pel obedience to some specific duty by a public officer.
*United States v. Commissioners,* Morris, 31. See, also,
*Hancock v. District Township,* 78 Iowa, 550; *Ridley v.
Doughty,* 77 Iowa, 226.

*2. SAME: mandamus.*

It is also said that the trial court erred in not hold-
ing that the decision of the State Superintendent was void,
on the ground that it deprived the defendants of property
without due process of law. The appellants
cite no authority touching the question thus
presented, and we shall not enter upon a
discussion of the question. It is enough to say that they
have been heard by the county and state superintendents,
and that due process of law does not require indefinite
appeals and litigation. *Eikenberry v. Edwards,* 67 Iowa,
619.

*3. SAME: constitutional law: due process.*

The judgment of the district court is right, and it is
*affirmed.*