GEORGE H. TEMPLER, Appellant, v. SCHOOL TOWNSHIP OF
    ELLISWORTH in the county of Hamilton, and State of
    Iowa, and G. A. KALSEIM, M. L. HENDERSON, JOHN
    PETERSON, D. M. ANDERSON, L. A. GERE, O. A. MARCUS,
    E. J. MALAND, JULIUS MILLER, ALBERT SOWERS, HANS
    KNUDSON and JOHN JORGENSON, Appellees.

**Schools:** DISCRETION OF DIRECTORS: APPEAL: MANDAMUS. School direct-
1    ors are invested with a discretionary power to determine what schools
     shall be taught and where pupils shall attend, and one aggrieved by
     the action of the board in refusing to maintain a school within the
     district, and providing for the attendance of pupils in another dis-
     trict, is confined in his remedy to an appeal to the county superin-
     tendent and then, if necessary, to the state superintendent; the courts
     will not interfere with an exercise of this discretionary power by
     mandamus. It is only when school officers have acted without juris-
     diction, or have exceeded their powers, that the courts have jurisdic-
     tion to correct their acts.

**Same:** MANDAMUS: PLEADINGS: SUFFICIENCY. A petition alleging that
2    the refusal of school directors to furnish school privileges within the
     district was without legal justification; that their refusal to pro-
     vide school facilities, except in another district, was prompted by
     personal and selfish motives, and was arbitrary and capricious; and
     that the superintendent was disqualified from passing on an appeal
     from the action of the board, by reason of his having advised plain-
     tiff that he must submit to the action of the board, were insufficient
     to state a cause of action cognizable by the courts.

*Appeal from Hamilton District Court.*—HON. C. G. LEE,
                        Judge.

                FRIDAY, JUNE 6, 1913.

    ACTION for writ of mandamus to compel defendants as
school directors to maintain a school. To the petition as
amended demurrer was filed which was sustained. Plaintiff

elected to stand upon his pleading, and judgment was rendered against him for costs.  He appeals.—*Affirmed.*

*Wesley Martin,* for appellant.

*O. J. Henderson,* for appellees.

WITHROW, J.—I.  On the 6th day of October, 1911, the plaintiff filed his petition stating that he was a resident of subdistrict No. 5 in the school township of Ellsworth in the county of Hamilton and state of Iowa; that the defendants were the officers and directors of said school township.  He states:  That in said subdistrict No. 5 there has been for many years a schoolhouse built and maintained at public expense.  That there are at least eighteen children of school age in said subdistrict and entitled to school privileges, and for a number of months last past the defendants have refused to maintain a school in said subdistrict and have denied to the plaintiff school privileges therein.  That they refused to accord the plaintiff and other residents of said subdistrict school privileges during the fall and winter of 1911-12, and that no legal reasons exist for such refusal, and plaintiff is therefore deprived of his constitutional and statutory rights, and unless the school in said subdistrict is maintained he will be without school privileges.  That the said board of directors have allowed the schoolhouse to become out of repair and for the purpose of defeating the plaintiff in his demand for school privileges have transferred a number of scholars living in said subdistrict to the school in Randall, Iowa, intending thereby to break up the school in said subdistrict.  By amendment to his petition the plaintiff further pleads:  That he demanded of the defendants that they provide him with school privileges in the schoolhouse provided for that purpose in said subdistrict No. 5, and the defendants refused to comply with the demand of the plaintiff and made no record of such refusal upon the proper records of said district.  That

the defendants were actuated by ill will toward the plaintiff, and the action is based, not upon their duties and obligations as officers, but are promoted by personal and selfish motives and are arbitrary and capricious. That they have refused to examine into the facts and circumstances presented by the plaintiff, but have taunted him, alleging that the courts would do nothing for him, and that he was absolutely in the power of the defendants, and that they proposed to deprive the plaintiff of school privileges unless he would convey his child, who is a little girl, to a school a mile and one half distant from the home of the plaintiff, which plaintiff is unable to do. The plaintiff further states that the county superintendent of Hamilton county, Iowa, meets with the board of said school district, and during one of such meetings he stated to the plaintiff that if the school board furnished him school privileges in the manner hereinbefore mentioned that he could do nothing else, and would have to submit to such action of the board. The plaintiff states, therefore, that the said county superintendent has prejudged said cause, and is not an impartial tribunal to determine the matters of difference between the plaintiff and defendants. Plaintiff prays that an order be made upon the defendants to maintain a school for the purpose of those residing in said subdistrict No. 5 in said township and for such other relief as to the court may seem proper and right.

We have set out quite fully the petition of plaintiff as amended so that a full understanding of his claims may be had. To the petition as amended the defendants filed their demurrer that no relief could be had by plaintiff as demanded, as a writ of mandamus is not a proper remedy upon the facts stated; that it is wholly within the discretion of the board of directors of the school township as to what schools shall be maintained, and such discretion cannot be controlled by any writ or order from this court; that the plaintiff has a plain, speedy, and adequate remedy at law by appeal to the county superintendent and from him to the

state superintendent. Thereafter on hearing the demurrer
was sustained. Plaintiff excepted and elected to stand on his
pleading, and the court dismissed the action and rendered
judgment against him for costs, from which order of dis-
missal and judgment he appealed.

II.   The different grounds stated in the demurrer pre-
sent the ultimate question of plaintiff's right to proceed by
mandamus in this action. It is so well settled by our stat-
utes and decisions as to be almost axiomatic
that the courts may not review the actions
of school officers which are based upon the
exercise of discretion and which are within
their powers. The methods provided by statute, first by hear-
ing before the board of directors, then by appeal to the
county superintendent and from thence to the state super-
intendent (Code, Sections 2818, 2820), are complete, and
must be exhausted before the courts will take cognizance
of a complaint. Even after all means in that direction have
been used, the courts will yet refrain from assuming juris-
diction except by proper proceedings to enforce the mandate
of the trial officer, should there be disobedience to his order.
The statutes vest in the board of directors full discretionary
powers to determine what schools shall be taught, and to
designate where the pupils shall attend. They may provide
for the attendance of pupils in another district, and may,
when necessary, provide a school when there are ten or more
children without school accommodations. Code, Section
2774. In the exercise of the powers thus granted the deci-
sion of the board can be reviewed only by appeal. That
mandamus is not, in such cases, the proper method of pre-
senting the question, see *Aananson v. Anderson,* 70 Iowa,
102; *Kinzer v. Ind. School Dist.,* 129 Iowa, 441; *State v.
Thomas,* 152 Iowa, 500. The above are but a few of a large
number of our cases which establish the rule. There is a
class of cases cited by appellant which hold that where a
board of directors has acted without jurisdiction or has

1. SCHOOLS: dis-
cretion of di-
rectors: ap-
peal: man-
damus.

exceeded its powers, and by some act in an official capacity done or attempted to do that which it has not the right to do, the courts have jurisdiction to set aside the unauthorized act. In none of the cases referred to is there recognized the right in the courts to interfere with a discretionary act. The present case clearly comes within this rule, unless it be that certain averments in the petition which are admitted by the demurrer place it in the class of cases which are exceptions.

III. The averment of a refusal to furnish school privileges to him and other residents, without legal reasons for so doing, in the light of other pleaded facts, is but a legal conclusion. The charge that defendants'

2. Same: mandamus: pleadings: sufficiency.

acts "are promoted by personal and selfish motives and are arbitrary and capricious" only states conditions which, if true, afford good reason for using the means provided for a correction of such conditions by appeal to the county superintendent. It does not charge such abuse of discretion as will permit review of the courts. The alleged prejudice of the county superintendent as plead by plaintiff is not such as to disqualify him from acting on appeal, and certainly cannot serve as basis for a claim that no valid finding could be entered by him. In spite of the pleading, his appellate jurisdiction remains, and, so existing, the remedy offered by statute to plaintiff is open.

Taken as a whole, the case upon the pleadings presents a showing of conditions not unusual in many rural communities in the state where by removals and from other causes the school population in subdistricts is reduced to a number where economy and probable better results suggest that different arrangements be made. As plead, this was done by the defendant board of directors. They acted within their powers, and in the exercise of discretion. Plaintiff's only right, if dissatisfied with their conclusion, was not by writ of mandamus to compel action, but by appeal to investigate and have corrected any wrong that may have been done to him. The ruling on the demurrer was right.—*Affirmed.*