STATE EX REL. LANGEN, Appellant, vs. BODDEN, Tax Commissioner, Respondent.

*February 15—March 13, 1917.*

*Officers: City civil service: Removal for cause: Mistake: Remedies.*

1. Where the tax commissioner of the city of Milwaukee in good faith removes a subordinate for cause pursuant to sec. 4, ch. 313, Laws 1895, as amended by ch. 547, Laws 1911, even though he may have been mistaken as to the existence of the cause assigned, the remedy given by said section by way of making answer and being heard in the matter is exclusive, and reinstatement will not be compelled by *mandamus* or other judicial proceeding.

2. The discharge by such tax commissioner of a ward assessor on the ground that he had been convicted and fined by the district court for being drunk and disorderly is within the rule above stated, even though such conviction was afterwards set aside on appeal.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

This is a petition for a writ of *certiorari* to review the action of the defendant in discharging the relator from the office of ward assessor and praying that this court reverse and set aside such action of the tax commissioner. The petition also asks that judgment be entered for relator in the sum of $1,392 and for his costs and disbursements.

On the 13th of January, 1915, the relator, before he or his attorney appeared in district court, was convicted of having been drunk and disorderly and was fined $5 and costs. On January 14, 1915, the defendant requested the resignation of the relator as the assessor for the Twelfth ward of the city of Milwaukee, which office he had held for several years. The relator informed the commissioner that an appeal would be taken from the conviction of the district court. The relator was, however, discharged from service by the defend-

ant and the cause assigned by the defendant in his report to the board of city service commissioners was that the relator had "been found guilty and fined by the district court of Milwaukee county for being drunk and disorderly." On January 22, 1915, the relator filed notice of an appeal in the action against him to the municipal court. On the following February 16th the case was dismissed and the relator discharged. On February 23, 1915, the relator filed with the board of city service commissioners an answer to this discharge, alleging the conviction had been set aside by the municipal court. He also alleged that he was neither drunk nor disorderly and that the assigned cause does not constitute sufficient ground for discharge as a matter of law. A hearing was held on the matter, and at the close of the hearing a motion was made to reinstate relator in his position, which motion was denied by the commissioners. On July 29, 1916, petition for a writ of *cerliorari* was filed, allowed, and issued. On the 16th day of August the relator was served with an order to show cause why the writ should not be superseded, vacated, and set aside and the action dismissed. All proceedings were ordered to be stayed until September 9th. On December 2, 1916, an order was made by the circuit court granting defendant's motion to supersede, vacate, and set aside the writ and dismissing the proceeding. This is an appeal from such order.

*A. J. Buscheck* of Milwaukee, for the appellant.

For the respondent there was a brief by *Clifton Williams,* city attorney, and *Garfield S. Canright,* assistant city attorney, and oral argument by *Mr. Canright.*


SIEBECKER, J. It appears from the petition that the tax commissioner removed the relator from office on the ground that relator had been "found guilty and fined by the district court of Milwaukee county for being drunk and disorderly." It is undisputed that such conviction was had in the district

court and formed the basis of the tax commissioner's action in the matter. In the light of these facts the relator in this proceeding has no standing in court. It was held in *State ex rel. Hayden v. Arnold,* 151 Wis. 19, 138 N. W. 78, that a tax commissioner of the city of Milwaukee is the head of a principal department of the city government and has the power to remove ward assessors from office pursuant to the provisions of ch. 313, Laws 1895, as amended by ch. 547, Laws 1911. And in *State ex rel. Bannen v. Arnold,* 151 Wis. 38, 138 N. W. 85, it was determined that if a tax commissioner in good faith removes a subordinate for cause pursuant to sec. 4 of such statute, even though he "may have been mistaken as to the existence of the cause assigned, the remedy given by said section by way of making answer and being heard in the matter is exclusive, and reinstatement will not be compelled by *mandamus* or other judicial proceeding" (headnote).

We are of the opinion that the instant case is within the rule of these decisions and that the petition states no cause for judicial relief.

*By the Court.*—The order appealed from is affirmed.