GERRIT VAN ES, SR. et al., Appellants, v. NEW INDEPENDENT CONSOLIDATED SCHOOL DISTRICT OF NEWKIRK et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Schoolhouse Sites—Selection. The selection of a schoolhouse site, unquestioned by any appeal by aggrieved parties, is conclusive, and especially so after the schoolhouse has been erected.

*Appeal from Sioux District Court.*—C. C. BRADLEY, Judge.

FEBRUARY 12, 1924.

SUIT in equity, to contest the legality of the selection of a schoolhouse site and to enjoin the construction of a schoolhouse thereon. A general equitable demurrer to the petition was sustained. The plaintiffs elected to stand upon their petition, and judgment was entered dismissing the same. Plaintiffs appeal. —*Affirmed.*

*Hatley & Van de Steeg,* for appellants.

*Van Oosterhout & Kolyn,* for appellees.

EVANS, J.—I. The petition is couched in general and indefinite terms. The demurrer has no specifications. As a general equitable demurrer, it challenges the sufficiency of the petition. The plaintiffs are taxpayers and residents of the school district, and the defendants are the officials and directors thereof. It is averred in the petition that the defendants are about to erect a school building upon a selected location; that said location is one mile east of the geographical center of the district; that the erection of such schoolhouse should be made one mile west of the point selected by the defendants.

By an amendment, it is averred that the largest portion of the territory of the district lies "west, northwest, and southwest" from the selected site, and that the largest number of pupils reside in such larger territory; that, by the use of the selected site, the school population "will not be furnished with equal opportunity to attend school;" that the selection of the

site by the defendants was fraudulent and wanton and an abuse of discretion.

The statutory duty of the board in the first instance is predicated upon the following statute:

"The board of each school corporation organized for the purpose of establishing a central school, shall provide a suitable building for such school in that district * * *.

"In locating a school site, the board shall take into consideration the geographical position, number and conveniences of the pupils." Sections 23, 24, Chapter 175, Acts of the Thirty-ninth General Assembly.

An earlier statute, in force prior to April, 1921, provided as follows:

"In locating said building they shall take into consideration the geographical position, number and convenience of the scholars, and may submit the question of location to the voters of the district at any. regular meeting or special meeting called for that purpose; providing that whenever a city, town or village containing a school population of twenty-five or more is included within any consolidated independent district, then said building shall be located within the incorporated limits of said city, town or village, on such a site as the school board may determine." Section 2794-a, Par. e, Code Supplemental Supplement, 1915.

Do the allegations of the petition disclose a violation of any mandate of the statute? Reducing the petition to its lowest terms, it charges:

(1)   That the selected site is not the exact geographical center of the district.

(2)   That it is not the exact center of the school population.

To say that the larger area of the district lies west, northwest, and southwest from the selected site says no more than that the site is not the exact center. Such allegation would be applicable to any selected site that was not the exact center. To say that the larger number of pupils dwell within the larger area sheds no definite light upon the propriety of the selection by the board. The allegation might be just as applicable to a site at the exact center. The allegation that the selected site would not furnish equal opportunity to all pupils is subject to the same

criticism. As a practical fact, no particular site could be selected that would not be more convenient for some pupils than for others.

It will be noted that, under the statute, a discretion is conferred upon the school board in the first instance in the selection of such site. Provision is made in the statute for an orderly control of such discretion. Parties aggrieved by the proposed location had a right to be heard before the board; they had a right to appeal from its adverse decision to the county superintendent; they had the further right to appeal from the decision of the county superintendent to the state superintendent of public instruction. In the absence of such procedure, the exercise of discretion by the board became quite conclusive. *James v. Consolidated Ind. Dist.*, 194 Iowa 1224; *Templer v. School Twp.*, 160 Iowa 398.

We hold, therefore, that the petition on its face was demurrable.

II. The detailed facts pertaining to this controversy not appearing in the pleadings are stated fully in the respective briefs of counsel, and the larger merits of the respective contentions are pressed upon us. We are thus advised that the consolidated school district in question consists of 16½ sections; that it has been recently established after long litigation; that it is rural in character, and contains no incorporated town; that it does contain the unincorporated crossroad village of Newkirk; that this village contains a large church, two general stores, a blacksmith shop, and half a dozen dwellings, and is the only community center in the district; that the membership of the church comprises 80 per cent of the school population, though only a very few school pupils reside within the village; that the exact geographical center of the district is isolated from all habitation, and that the nearest residence thereto is one-half mile distant.

Sufficient to say that these facts tend to justify the discretion of the board.

It appears also from the briefs that decree was entered in the court below in November, 1922, whereby the injunction was dissolved; that, though appeal was taken, no restraining order was ever applied for, and no effort made for an early submission

of the appeal; that, in the meantime, the defendants proceeded with their building; and that the schoolhouse has been erected on the selected site. Manifestly, therefore, there is nothing left upon which an injunction could operate if plaintiffs were otherwise entitled to one. The decree below is, accordingly, affirmed. —*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.