HEIN, Respondent, vs. LUTHER, as School Clerk, and others, Appellants.

*September 15—October 9, 1928.*

For the appellants there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *T. W. Brazeau.*

For the respondent the cause was submitted on the brief of *Frank Jackson* of Colby.

ROSENBERRY, J.    The plaintiff contends and the trial court held that under the provisions of sec 40.34 (1), Stats.,

the defendant district was obliged to furnish transportation irrespective of whether or not the electors had authorized it so to do. The defendant district contends that under the provisions of said section the board is under no legal duty to furnish transportation unless and until it has been authorized so to do by vote of the district and funds provided for such purpose.

The determination of the issues raised turns upon the interpretation to be placed upon sec. 40.34 (1):

"The school district meeting may authorize the board to provide transportation for all the children of school age residing in the district. The board of every consolidated school district shall provide transportation to and from school for all school children residing in the district and over one mile from the schoolhouse. The board shall provide transportation to and from school for all school children residing in the district and over two miles from the schoolhouse, in case of a common school and three miles in case of a union high school."

There are numerous other provisions of the section which have more or less bearing upon the question. It is considered that a history of the statute makes it certain that sub. (1) of sec. 40.34 is as to an ordinary school district permissive. This statute first appeared as ch. 441 of the Laws of 1917. Sec. 2, sub. 1, of that act provided:

"There are added to the statutes nine new sections to read: Section 430—1. 1. It shall be the duty of the school board of any consolidated rural school district formed in accordance with the provisions of sections 496—1 to 496—8 [the act relating to consolidation of rural schools] to provide transportation to and from such consolidated school. . . ."

Sub. 2 provided:

"It shall be lawful for the electors of any school district to authorize the district board to provide transportation to and from school," etc.

There were amendments to the law in 1921, which are not material. By ch. 419 of the Laws of 1923, the section

which had become by renumbering sec. 40.16 (1) (a) was amended to read as follows:

"The school board of any consolidated school district formed in accordance with any provision of the statutes shall provide transportation to and from such consolidated school for the entire school term for all children residing over one mile from the schoolhouse, distance measured by nearest traveled highway.

"(b) The electors of any school district are empowered to authorize the district board to provide transportation to and from school for any or all of the children of school age residing in the district for whom transportation is not required by law. In any school district where the electors have failed or refused to provide transportation for children living more than two miles from the school in the home district, distance measured by the nearest traveled highway, the parent or guardian may transport or provide for the transportation of such child or children to and from school in the home district or to and from a school in another district and shall be paid for such transportation by the district in which the child resides. . . ."

In 1927 the revisor proposed a revision and consolidation of the laws which became Bill No. 13, S. As presented by the revisor sec. 40.34 (sec. 40.16 of 1925) provided:

"The school district meeting may authorize the board to provide transportation for all of the children of school age residing in the district. The board shall provide transportation to and from school for all school children residing in the district and over two miles from the schoolhouse, in case of a common school and three miles in case of a high school. And if it fails to provide such transportation the parents may provide suitable transportation for their children, and shall be paid therefor by the district, at the rate of thirty cents per day for the first child, twenty cents per day for the second child, and ten cents per day for each child in excess of two in the family; provided, the child shall have attended not less than six months during the school year. The district shall be entitled to state aid on account of such transportation at the rate of ten cents per day for each child transported."

The revisor's proposal was accompanied by a note in which the revisor said:

"Sec. 40.34 is a revision of old sec. 40.16. The distance which necessitates transportation of school children is made two miles in all cases, except to high schools. It is so now in most instances. The manner in which a district was created is not germain to the question. What is the maximum distance which common school pupils should be compelled to walk to attend school? If one mile is the proper limit for one kind of a district, it is proper for all common school districts. If two miles is reasonable when they go to the home school, it is reasonable when they go to a foreign school. Walking is merely walking."

It is quite evident that the revisor sought by the proposed revision to abolish the distinction between an ordinary school district and a consolidated school district for the reason that in his opinion the distinction afforded no reasonable basis of classification. However, the committee on education and public welfare prepared an amendment, being amendment No. 1, S, to bill No. 13, S, by which it was provided that the first fourteen lines of sec. 40.34 (1) of the bill proposed by the revisor should be stricken out and the following substituted:

"Sec. 40.34. (1) The school district meeting may authorize the board to provide transportation for all the children of school age residing in the district. The board of every consolidated school district shall provide transportation to and from school for all school children residing in the district and over one mile from the schoolhouse. The board shall provide transportation to and from school for all school children residing in the district and over two miles from the schoolhouse, in case of a common school and three miles in case of a union high school. . . ."

By this amendment the committee on education and public welfare restored the distinction between a school district and a consolidated school district. As to an ordinary school district the language from the first had been permissive. As

to a consolidated school district it had been mandatory, and that distinction is preserved in the law as it now stands.

It is the contention of the plaintiff that the third sentence of sec. 40.34 (1) applies to an ordinary school district and is mandatory in its provisions. The language is certainly very ambiguous. Taking into consideration the history of the statute, the fact that if it did not apply to an ordinary school district and applied only to a consolidated school district it would as to the consolidated school district have no meaning, inasmuch as the consolidated school district board must provide transportation for all school children who live over one mile from the schoolhouse, it is considered that the statute is mandatory and that transportation should be provided in accordance with the terms of the statute. However, it does not follow that the plaintiff may maintain *mandamus* in the event that the school board does not provide transportation. The statute provides what shall be done in that event. It shall be furnished by the parents at the expense of the district. It may well be that the school board elected that the parents should provide transportation and that the district should pay therefor at the statutory rate rather than attempt to provide transportation itself. Where a statute prescribes a procedure, the procedure so prescribed is exclusive of any other remedy. *State ex rel. Langen v. Bodden,* 165 Wis. 243, 161 N. W. 767.

We are aware that persuasive argument can be made against the construction which we have placed upon the statute. It is considered, however, that the conclusion at which we have arrived, everything being taken into consideration, gives effect to the terms of the statute as the legislature intended it to operate, particularly having in view the legislative policy of requiring all children of school age to attend school. If we are in error, the legislature at its next session can make its intention more explicit.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss the action.