FRANK LANPHIER, Appellant, v. TRACY CONSOLIDATED SCHOOL DISTRICT et al., Appellees.

No. 44243.

FEBRUARY 15, 1938.

McCoy & McCoy, for appellant.

Harold J. Fleck, County Attorney, and Joe H. Johnson, for appellees.

MITCHELL, J.—This is an action in mandamus brought by Frank Lanphier against the Tracy Consolidated School District, its officers and directors. All the facts, for the purpose of this case, appear in the petition and amendment thereto, which allege that the Tracy Consolidated School District is duly organized under the laws of the State of Iowa, located in Marion and Mahaska Counties; that Frank Lanphier resides in said school district, and has five children of school age who are entitled to attend school in that district; that his residence is situated more than a mile from said school and is located upon a public highway and is not within the limits of any city, town, or village; that under the provisions of section 4179 of the Code of 1935 it is mandatory upon the school board of every school district to provide suitable transportation for every child of school age living within said corporation; that the Tracy Consolidated School District, thru its officers and directors, has failed and refused to provide transportation for the Lanphier children; that demand has been made of the school district and its officers that transportation be furnished.

To the petition was filed a motion to dismiss, on the grounds: (1) That the plaintiff has a plain, speedy, and adequate remedy at law and there is no showing that he has used or attempted to use said remedy of appealing to the county superintendent from the decision of the school board; (2) that the school board does not have a mandatory duty under section 4179 of the Code, as alleged in plaintiff's petition. That it has the right under section 4180 of the Code to suspend the transportation of any route when in its judgment it would be a hard-

ship on the children and when the roads to be traveled are unfit or impassable. That the school board also has the discretion under section 4181 of·the Code to require children living an unreasonable distance from school to be transported by the parents or guardian a distance of not more than two miles to connect with any vehicle of transportation to and from school. That, in determining what an unreasonable distance is, consideration shall be given to the number and age of the children and the condition of the roads and the number of miles to be traveled in going to and from school. That the district has a bus traveling within three-fourths of a mile of plaintiff's home. That mandamus is not the proper procedure when a board of directors, in carrying out the terms of the statute, have power of exercising their judgment and discretion, and the remedy for one aggrieved is to appeal to the county superintendent of the schools and not mandamus.

The court .sustained the motion to dismiss. Plaintiff refused to plead further, and judgment was entered against him, dismissing the case and assessing the costs. Being dissatisfied with the ruling of the lower court, plaintiff has appealed.

Realizing the importance of education and desiring that every child have the opportunity of attending school, the legislature of this state passed certain statutes relative to the transportation to and from school of children living in the country.

The appellant in this case bases his entire right of recovery upon section 4179 of the 1935 Code and ignores sections 4180 and 4181, limiting section 4179 and giving the school board the privilege of discretion in the matter of transportation.

Section 4179 is as follows:

"4179. Transportation. The board of every consolidated school corporation shall provide suitable transportation to and from school for every child of school age living within said corporation and more than a mile from such school, but the board shall not be required to cause the vehicle of transportation to leave any public highway to receive or discharge pupils, or to provide transportation for any pupil residing within the limits . of any city, town, or village within which said school is situated."

This is followed immediately by section 4180, which reads as follows:

"4180. Transportation routes—suspension of service. The board shall designate the routes to be traveled by each conveyance in transporting children to and from school. The board shall have the right on account of inclemency of the weather to suspend the transportation on any route upon any day or days when in its judgment it would be a hardship on the children, or when the roads to be traveled are unfit, or impassable."

Then follows section 4181, which reads:

"4181. By parent—instruction in another school. The school board may require that children living an unreasonable distance from school shall be transported by the parent or guardian a distance of not more than two miles to connect with any vehicle of transportation to and from school or may contract with an adjoining school corporation for the instruction of any child living an unreasonable distance from school. It shall allow a reasonable compensation for the transportation of children to and from their homes to connect with such vehicle of transportation, or for transporting them to an adjoining district. In determining what an unreasonable distance would be, consideration shall be given to the number and age of the children, the condition of the roads, and the number of miles to be traveled in going to and from school."

■■■ A reading of the last two sections shows that a patron of the school district cannot require the school board to transport children from their homes to the school when they live an unreasonable distance from the school and where the roads to be traveled are unfit or impassable. In such a case the board may require the parents to transport their children a distance not exceeding two miles, to connect with the regular school bus route. Certainly, no one can say that this is an unreasonable requirement. If the bus was required to travel unfit or impassable roads it might delay arrival on time at the school, it might work an unnecessary hardship on other children, and the cost might be prohibitive. In the case at bar the pleadings show that the regular school bus route passed within three-fourths of a mile from appellant's home. Under this condition he is obliged to transport his children that distance, and the school board is obliged to allow him reasonable compensation for so transporting them.

■■■ Where a school board has a positive duty to perform and it is given no discretion, then of course mandamus will lie to compel it to act. However, where the school board is given a discretion, as it was in this case, as shown by sections 4180 and 4181 of the Code, the appellant has an adequate remedy by appeal, first, to the county superintendent, and then, if he is aggrieved by the decision of the county superintendent, to the state superintendent of public instruction, as provided by chapter 219 of the Code. Having that right of appeal, his remedy at law is adequate, and mandamus cannot be brought against the school board.

In the case of Templer v. School Twp., 160 Iowa 398, at page 401, 141 N. W. 1054, 1055, this court said:

"The different grounds stated in the demurrer present the ultimate question of plaintiff's right to proceed by mandamus in this action. It is so well settled by our statutes and decisions as to be almost axiomatic that the courts may not review the actions of school officers which are based upon the exercise of discretion and which are within their powers. The methods provided by statute, first by hearing before the board of directors, then by appeal to the county superintendent and from thence to the state superintendent (Code, sections 2818, 2820), are complete, and must be exhausted before the courts will take cognizance of a complaint. Even after all means in that direction have been used, the courts will yet refrain from assuming jurisdiction except by proper proceedings to enforce the mandate of the trial officer, should there be disobedience to his order. The statutes vest in the board of directors full discretionary powers to determine what schools shall be taught, and to designate where the pupils shall attend. They may provide for the attendance of pupils in another district, and may, when necessary, provide a school when there are ten or more children without school accommodations. Code, section 2774. In the exercise of the powers thus granted the decision of the board can be reviewed only by appeal. That mandamus is not, in such cases, the proper method of presenting the question, see Aananson v. Anderson, 70 Iowa 102, 30 N. W. 38; Kinzer v. Ind. School Dist., 129 Iowa 441, 105 N. W. 686, 3 L. R. A. (N. S.) 496, 6 Ann. Cas. 996; State v. Thomas, 152 Iowa 500, 132 N. W. 842. The above are but a few of a large number of our cases which establish the rule."

In the case of Hein v. Luther, 197 Wis. 88, 221 N. W. 386, at page 387, that court said:

"However, it does not follow that the plaintiff may maintain mandamus in the event that the school board does not provide transportation. The statute provides what shall be done in that event. It shall be furnished by the parents at the expense of the district. It may well be that the school board elected that the parents should provide transportation, and that the district should pay therefor at the statutory rate, rather than attempt to provide transportation itself. Where a statute prescribes a procedure, the procedure so prescribed is exclusive of any other remedy. State ex rel. Langen v. Bodden, 165 Wis. 243, 161 N. W. 767."

The appellant cites and relies greatly upon the case of Benjamin v. District Township of Malaka, 50 Iowa 648. We set out the quotation contained in appellant's brief:

"It is urged that the remedy of the plaintiff was to appeal from the refusal of the board of directors to the county superintendent, and that this action will not lie because there was another plain, speedy, and adequate remedy. In support of this position, Marshall v. Sloan et al., 35 Iowa 445, is cited. That case is not in point, because under the statute governing that decision the thing to be done was, to some extent at least, discretionary. It was not the positive duty of the board to take the action desired by the plaintiff in that case. Here, as we have seen, there is a plain official duty to be performed. An appeal would not afford either a speedy or adequate remedy, for the school officers have no power to enforce their decisions, and therefore the plaintiff might be compelled to come into the courts at last. Where a positive official duty is enjoined by law upon any officer, and as to the mode or manner of performance he has no discretion, the only adequate remedy ordinarily is that of *mandamus*."

We have no fault to find with the rule of law set out in the above cited case. The court simply held that after the election the board had no discretion except to follow out the mandate of the electors, and of course mandamus was the proper remedy. However, in the case at bar, under the statutes covering the question of transportation of children to and from school, the

school board is given the discretion to suspend the transportation on account of the weather or when the roads to be traveled are unfit and impassable, and to require that children living an unreasonable distance from the school shall be transported by the parent or guardian a distance of not more than two miles to connect with any vehicle of transportation to and from school, allowing reasonable compensation to those transporting the children.

Judgment of the lower court must be, and it is hereby, affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, KINTZINGER, DONEGAN, HAMILTON, SAGER, and MILLER, JJ., concur.