Neu vs. Voege.

Neu, Appellant, vs. Voege, Respondent.

*May 24–June 11, 1897.*

*Taxation: Assessment of lots in recorded plat: Construction of statute:* Mandamus.

1. Sec. 1045, R. S. (requiring the assessor to enter upon the assessment roll in regular order as to lots, blocks, etc., a correct description of each parcel of real estate in the assessment district, and providing that where land has been surveyed and platted and the plat thereof duly recorded "the assessor shall designate the several lots and subdivisions of such platted ground as they are fixed and designated by such plat"), is mandatory, and compliance therewith may be enforced by *mandamus.*

2. The right of a person prejudiced by a noncompliance with said provisions of sec. 1045, R. S., to resort to *mandamus* is not affected by sec. 1048 (providing that when contiguous lots owned by the same person are assessed together as one parcel in violation of sec. 1045 such assessment shall not be invalid on that ground).

3. The owner of a large number of tax certificates, each covering but one lot in a recorded plat, has sufficient interest in the premises to entitle him to a writ of *mandamus* to compel the assessor to list the lots separately in compliance with sec. 1045, R. S.

4. Although the granting or refusing of a writ of *mandamus* is somewhat discretionary, when it appears that the application is made to enforce a clear legal right; that the duty to be performed is plain and positive; that substantial damage will follow its nonperformance; and that there is no other adequate remedy, no laches chargeable to the applicant, and no special reason which renders a resort to the remedy inequitable, it is an abuse of discretion to refuse the writ.

APPEAL from an order of the circuit court for Forest county: JOHN GOODLAND, Circuit Judge. *Reversed.*

In the town of Pelican Lake, since prior to 1894, there has existed a duly-recorded plat covering a tract of land in such town, subdividing the same into lots and blocks, as provided by law. For the year 1894 the lots in such plat were separately assessed for taxation, pursuant to sec. 1045, R. S. Such proceedings were thereafter had that several of such lots were separately sold for delinquent taxes returned thereon, and plaintiff became the owner of the tax-sale certificates issued on such sales. In 1895 the assessor assessed the lots included in such plat in half blocks of eighteen or nineteen lots, so that, with few exceptions, each lot upon which plaintiff had a certificate was assessed with a large number of other lots. In 1896 the defendant was the assessor of the aforesaid town, and, against plaintiff's protest, he threatened to assess the lots in such plat in blocks of eighteen or twenty lots each, as they were assessed the previous year, and refused to otherwise assess any of the lots in such plat. Plaintiff, by petition setting up the aforesaid facts, commenced this proceeding to compel the assessment of the lots separately, pursuant to sec. 1045, R. S. Such proceedings were had upon such petition and affidavits supporting the same that an alternative writ of *mandamus* was issued, commanding the defendant to assess the lots in such plat separately, or to show cause to the contrary on the return day of the writ. On such return day the defendant demurred to the petition, upon the ground that it failed to state facts sufficient to authorize the alternative writ of *mandamus*. The demurrer was sustained, and the proceedings quashed, and, from the order accordingly entered, plaintiff appealed.

The cause was submitted for the appellant on the brief of *Samuel Shaw,* and for the respondent on that of *G. F. Sanborn.*

MARSHALL, J.   The question presented on this appeal is, Do the facts alleged in the petition for the writ of *mandamus* show that the assessor was required by law to assess the lots in Fair Haven Park separately, and that the appellant had such an interest in the performance of that duty as to entitle him to such writ to compel such performance? There is no contention but that such facts were essential to the maintenance of the *mandamus* proceedings by appellant, and that, if the petition sufficiently alleges their existence, the demurrer thereto and motion to quash the alternative writ were improperly sustained.

Sec. 1045, R. S., relating to the assessment of lots and blocks in legally platted grounds, provides as follows: "The assessor shall enter upon the assessment roll, . . . in regular order as to lots and blocks, . . . a correct and pertinent description of each parcel of real property in the assessment district not exempt from taxation, and the number of acres in each tract containing more than one acre. When two or more lots or tracts owned by the same person are deemed by the assessor so improved or occupied with buildings as to be practically incapable of separate valuation, they may be entered as one parcel. Whenever any tract, parcel or lot of land shall have been surveyed and platted, and a plat thereof recorded according to law, the assessor shall designate the several lots and subdivisions of such platted ground as they are fixed and designated by such plat." This language is mandatory, and its meaning unmistakable. The duty of the assessor, under the statute, to assess lots in legally platted lands separately, subject to the one exception therein mentioned, is too plain to be open to any discussion whatever.   From the petition and affidavits presented therewith, the contents of which we do not deem it necessary to incumber this opinion by stating, it sufficiently appears that the assessor's refusal to assess the lots in question separately was not placed upon the ground that they were within the exception named.

Sec. 1045, R. S., is not affected by the provisions of sec. 1048, R. S., to the effect that when contiguous lots owned by the same person are assessed together as one parcel, in violation of sec. 1045, R. S., such assessment shall not be invalid on that ground. That is in the nature of a curative provision. It operates merely to·prevent the public from being prejudiced in the collection of its revenues, by reason of the failure of the assessor to obey the commands of sec. 1045, R. S., when no substantial injury can accrue to the individual owner of property from such failure.

So the conclusion is reached that at the time the appellant requested the assessor to assess the lots in Fair Haven Park separately, and at the time of the commencement of this proceeding, it was the plain duty of the assessor to so make such assessment, and upon his refusal so to do, there being no specific legal remedy for the appellant, other than *mandamus*, to protect his interests if he had any in the lots, his right to resort to it is clear.

It remains to be seen whether the petition shows sufficient interest of appellant in the performance by the assessor of his legal duty to assess the lots in question separately to sustain the proceedings in question. We think that must be answered in the affirmative. The appellant was the owner of a large number of tax-sale certificates on lots in the plat. Each of such certificates covered but one lot, and carried with it an interest therein sufficient to entitle appellant to redeem the lot from subsequent tax sales. In case of such subsequent sale, prior to the ripening of his certificate interest into a title by tax deed, the only way in which he could effectually protect such interest was to become the owner of the certificate issued on such subsequent sale; hence the necessity that the lots in which he was interested should be assessed separately is obvious. To be sure, the granting or refusing of a writ of *mandamus* is somewhat discretionary, but when the application therefor is made by a person to

enforce a clear legal right; the duty sought to be enforced is positive and plain; the applicant for the writ shows that he will be substantially damaged by nonperformance of such duty; and there is no other adequate specific legal remedy for the threatened injury, and no laches on the part of such applicant, and no special reasons exist rendering a resort on his part to the remedy, under the circumstances, inequitable, to refuse to issue the writ constitutes an abuse of judicial discretion. *State ex rel. G. B. & M. R. Co. v. Jennings,* 48 Wis. 549; *State ex rel. Lord v. Washington Co.* 2 Pin. 552; *State ex rel. Continental Ins. Co. v. Doyle,* 40 Wis. 220; Merrill, Mandamus, §§ 62–69.

Applying the foregoing to this case, the appellant was clearly entitled to the alternative writ of *mandamus,* and, in the absence of any issue being taken on the facts alleged in the petition, a peremptory writ should have been framed and issued to protect his interests in respect to the assessment of the lots upon which he held tax-sale certificates.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.