HARTWIG, Appellant, vs. THE MAYOR AND COMMON COUN-
CIL OF THE CITY OF WATERTOWN, WISCONSIN, Re-
spondents.

*April 30—May 21, 1907.*

Mandamus: *Compelling erasure of municipal records: Jurisdiction:
Remedy by* certiorari: *Quashing nugatory writ.*

1. A municipal body required to keep a history of its proceedings
   cannot properly be judicially compelled to efface any such
   history from its records upon the ground that the proceedings
   were erroneous.
2. When a wrong is clearly and adequately remediable by *certiorari*
   the *mandamus* remedy ought not to be allowed.
3. In case of an alternative writ of *mandamus* having been issued
   in proceedings to restore a person to office from which he has
   been wrongfully temporarily suspended, and it appearing that
   such person has not suffered any substantial loss by the suspen-
   sion and that the period of suspension expired before the time
   for the hearing on the application for a peremptory writ, which
   must have been foreseen by such person at the beginning, the
   court in its discretion may quash the alternative writ and
   enter judgment of dismissal with costs.
   [Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Dodge
county: JAMES J. DICK, Circuit Judge. *Affirmed.*

*Mandamus* proceedings to compel the common council of
the city of Watertown, Wisconsin, to expunge from its records
proceedings respecting a suspension of the relator from his
office as a member of such body, and for such other relief as
might be proper.

In impeachment proceedings against the relator as an al-
derman of the city of Watertown, Wisconsin, he was found
guilty December 1, 1905, and, by resolution of the common
council of the city, was suspended from office for a period of
sixty days from such date, one Bittner, Jr., being appointed
by the mayor and in due form confirmed to serve in his place.
The charges were to the effect that the relator circulated a

false rumor that the city council sold out the interests of the city in respect to a bill pending before the Wisconsin legislature in which the city was interested, and later falsely asserted that members of the legislature informed him that the council so sold out to the concern in whose special interest said bill was introduced, and that the mayor and city attorney had been lobbying for the passage of the bill. The petition for the writ set forth the matters indicated and that certain irregularities, claimed to be jurisdictionally fatal to the impeachment proceedings, occurred. It further showed that eighteen days after the date of the suspension the relator demanded a rescission of the impeachment judgment, which was refused.

The specific relief asked was for the issuance of a writ commanding the mayor and common council of the city of Watertown to rescind, revoke, and vacate the resolutions relating to the impeachment proceedings and expunge the same from the city records. There was an alternative writ accordingly issued January 9, 1906. The matter was brought to a hearing May 14, 1906, when such proceedings were duly had that a motion was made to quash the alternative writ because of informalities and insufficiencies in the petition and writ, for a defect of parties, and for other reasons. The motion was granted without specifying any particular ground therefor. Judgment was entered accordingly, from which this appeal was taken.

*Gustav Buchheit,* for the appellant.

*C. A. Kading,* city attorney, for the respondents.

MARSHALL, J. The precise ground upon which the alternative writ was quashed does not appear. It may be because the relief sought, so far as it affected recognition of the relator as entitled to participate in the proceedings of the common council as a member thereof, was obtainable by *certiorari,* which was a plain and adequate remedy, if, as

claimed, the proceedings for his removal were jurisdictionally defective, and it may be that under all the circumstances it was thought best, in the discretionary power of the court, to deny the use of the *mandamus* remedy. Either ground, in the opinion of the court, is sufficient to sustain the judgment.

This, unlike *State ex rel. Gill v. Watertown,* 9 Wis. 254, was not a proceeding to reinstate the relator. It was doubtless seen when the proceeding was instituted that the period of suspension would expire before the court could act in the matter. So reinstatement was not the object sought, but the purpose was to compel respondents to efface from the city records the evidence of the impeachment. In practical effect, except as to such effacement, a reversal of the determination of the council was sought, for jurisdictional error, which was readily obtainable by *certiorari* if relator's contentions are sound. Manifestly, a common council cannot be required to destroy its official records. It was the duty of the clerk to make the record and of the council to see that he did so. Therefore, no wrong was done in the performance of such duties. It is well settled that a writ of *mandamus* ought not to be used to perform the office of a writ of *certiorari. State ex rel. W. G. Taylor Co. v. Elliott,* 108 Wis. 163, 84 N. W. 149. That is regarded as elementary, as will be seen by reference to 19 Am. & Eng. Ency. of Law (2d ed.) 750, and the numerous cases there cited in the notes.

The action of the council did not inflict any pecuniary injury on the relator. So far as shown, he was not falsely accused. He did the things stated in the accusation. Whether they constituted legal grounds for his impeachment is another question. This proceeding not having been commenced till about two thirds of the period of suspension had expired, the court probably concluded that he knew at the start the whole period of his suspension would expire and he be in full possession of his office before a peremptory writ could issue, leaving it no substantial office to perform. The case so

turned out.   Before the matter was heard he regained his place and his term of office had expired. Under those circumstances there was, in any event, no absolute right to the *mandamus* remedy.   It was within the discretion of the court to quash the alternative writ and end the proceedings as was done. *State ex rel. G. B. & M. R. Co. v. Jennings,* 48 Wis. 549, 4 N. W. 641; *Neu v. Voege,* 96 Wis. 489, 71 N. W. 880; 19 Am. & Eng. Ency. of Law (2d ed.) 751.

*By the Court.*—The judgment is affirmed.