STATE EX REL. INGOLD, Respondent, vs. MAYOR AND COMMON COUNCIL OF THE CITY OF MADISON, Appellants.

*October 8—November 4, 1919.*

*Municipal corporations: Notice of petition for making election district into ward: Discretion of council: Mandamus: Enforcement of compliance with duty by council.*

1. Failure to publish notice at the time of the filing of a petition to make an election district into a ward will not defeat the right of the petitioners to have the mayor and common council act, if the notice is afterwards published.
2. Sec. 926—8, Stats., makes it mandatory upon the common council of a city, on petition of a specified number of resident electors and freeholders in any election district within a ward, to make a new ward including the territory of the election district, and leaves open as a matter of discretion only the manner in which the new ward shall be created, either by making it entirely of the district or by adding other territory, so that *mandamus* to compel the council to act on the petition is not an attempt to control or regulate the manner in which the council shall exercise that discretion.
3. Where there is a plain duty on the part of an official body such as the council of a city, compliance therewith may be enforced by *mandamus.*

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment directing a peremptory writ of *mandamus.*

A petition was filed with the common council of the city

134    SUPREME COURT OF WISCONSIN.    [Nov.

State ex rel. Ingold v. Mayor, etc. 170 Wis. 133.

of Madison by relator and others, resident electors and free-holders of the third election district of the Sixth ward of said city, to make and constitute such district a ward of said city pursuant to sec. 926—8, Stats. Such required action was not taken, and upon application to the court below an alternative writ of *mandamus* was issued to the mayor and common council. A return was made averring, among other things, that in the judgment and opinion of such answering defendants, constituting more than four fifths of the members of the common council, it would be unwise to increase the number of wards in the said city and that the best interests of the city require that if any action be taken at all that the city be redistricted into wards so that the number of such wards shall be ten or less, and that the said third precinct of the Sixth ward should not be made a separate ward, but should be included with other territory in the creation of a ward; that the petition aforesaid had been considered by the judiciary committee of said common council, and that prior to the commencement of these proceedings a report had been made by said committee and adopted by said common council to the effect that in order to accomplish the end sought to be accomplished by said petition a rearrangement should be made of the ward lines of the several wards by enlarging some of the smaller wards so that the whole number of wards in the city should not be increased, but that the population of the respective wards be more nearly equalized.

They further answered that the division of the city of Madison into wards requires considerable time to get the necessary information in order to make an equitable division of such wards, and that the common council had the matter under consideration and has not been able to arrive at a determination as to the proper redistricting of the city.

Through oversight, notice was not published of the filing of the petition as provided in the Statutes at the time the petition was originally filed, but such notice was published after the commencement of these proceedings.

State ex rel. Ingold v. Mayor, etc. 170 Wis. 133.

Upon hearing the circuit court determined that more than a reasonable time since the petition was filed had passed within which the common council might have acted upon said petition, and directed the issuance of the peremptory writ of *mandamus* commanding the defendants to forthwith proceed to act upon the said petition and to create a new ward in accordance with the statutes.

From such judgment or order the defendant mayor and members constituting more than a majority of the common council appeal.

The cause was submitted for the appellants on the brief of *William Ryan* of Madison, and for the respondent on that of *Aylward, Davies, Olbrich, Brown & Siebecker* of Madison.

ESCHWEILER, J.   Sec. 926—8, Stats., provides in substance that upon the petition of a specified number of resident electors, freeholders of any one election district within any ward subdivided into two or more election districts or of any undivided ward within any city of the third or fourth class incorporated under special charter, demanding that such election district be constituted a ward, or such ward be divided, such council shall, after proper publication, proceed by ordinance to create such district and any other district or districts in such ward into wards or to divide such ward into wards, provided that the council may, by a vote of at least three fourths of all its members, change the boundaries of such district or of such proposed ward.

Defendants contend that the failure to cause notice of the filing of such petition to be published as is required by said statute was a prerequisite to their obligation, if any, to act, and further that the required action involved the exercise of a legislative discretion vested in the common council as a legislative body and therefore not subject to such control as was here attempted by the writ.

The notice, however, is for the purpose of conveying in-

formation of the request to others than the members of the common council and who may be interested, and where, as here, such notice has been given, the prior lack of it cannot defeat the petitioners' right.

The statute makes it mandatory upon the common council to make a new ward in the city which shall include the territory within the election district. It leaves open as a matter of discretion only the manner in which such new ward shall be created, namely, either by making it entirely of such election precinct or by adding other territory to the same. The writ herein does not attempt to control or regulate the manner in which the common council shall exercise that discretion, but only effectuates the mandate of the statute.

Where there is a plain duty as here involved, it is a well recognized and long established doctrine that compliance therewith may be enforced by *mandamus*. *State ex rel. Burnham v. Cornwall*, 97 Wis. 565, 73 N. W. 63; *State ex rel. McGovern v. Williams*, 136 Wis. 1, 116 N. W. 225; *State ex rel. Husting v. Board of State Canv.* 159 Wis. 216, 150 N. W. 542; *People ex rel. Rapid Transit S. C. Co. v. Craven*, 210 N. Y. 443, 449, 104 N. E. 922; *People ex rel. Cayuga Nation v. Land Comm'rs*, 207 N. Y. 42, 50, 100 N. E. 735.

*By the Court.*—Judgment affirmed.

SIEBECKER, J., took no part.