STATE EX REL. WOLLNER, Respondent, vs. SCHLOEMER and
others, constituting the Town Board, Appellants.

*December 2, 1929—January 7, 1930.*

The cause was submitted for the appellants on the brief of *Frank W. Bucklin* of West Bend, and for the respondent on that of *Schanen & Huiras* of Port Washington.

STEVENS, J.  Sec. 80.02 of the Statutes, which confers upon the town board the power to discontinue public

highways, provides that "No town board shall discontinue . . . any highway when such discontinuance would deprive the owner of lands of access therefrom to the public highway."

The motion to quash admits for the purposes of the motion that the town board has attempted to discontinue the only highway that gives relator access to her lands. It follows that the town board had no power to discontinue the highway and that they should be commanded to remove the barriers, unless the protection of the public traveling upon this highway requires that the barriers be maintained. The right given the town board by sec. 81.10 of the Statutes to erect and maintain barriers on a public highway is limited to such time as is reasonably required to restore the road to such condition that it may be safely used for public travel. A town board has no right to permanently close a public highway because it has neglected to perform the duty of keeping a highway in proper repair.

Relator alleges that the defendants have refused to open and repair the highway. If it be essential to allege a demand that the defendants perform the duty imposed upon them by statute, this is a sufficient allegation of such a demand.

It is not essential that there be an allegation that there is money in the treasury sufficient to pay for such work as may be involved in opening and repairing the highway. No appropriation is necessary to meet the trifling expense involved in removing the barriers. If the repairs are so extensive as to require the expenditure of funds not now available, that is a defensive matter to be alleged by the defendants. The highway cases cited by the defendants are all those in which it appeared on the trial on the merits that sufficient funds were not available to perform the work required.

The court will not attempt to control the discretion of the board as to the character of repairs that are to be made. The only function of the writ is to compel the board to act. If it should be contended that in its repair of the highway the town board failed to properly perform its duty, the relator may cause an appeal to be taken to the county board, which has full power to determine the nature of the repairs that should be made. Sub. (1), sec. 81.14, of the Statutes. The fact that the statutes give this right to appeal to the county board does not deprive courts of the power to compel the town board to act.

*By the Court.*—Order affirmed.