STATE EX REL. WISNIEWSKI and another, Appellants, vs. ROSSIER and others, Town Board, Respondents.

*October 12—November 10, 1931.*

*J. R. Pfiffner* of Stevens Point, for the appellants.

For the respondents there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

NELSON, J.   The crucial question in this appeal is whether a town, or its officers, may be compelled by *mandamus* to repair and maintain a highway in a safe condition.   The appellants contend with great earnestness that the town officers have the care and supervision of town highways (sec. 81.01, Stats.) ; that it is their clear duty to repair and maintain town highways, and that in case such officers shall unjustly refuse, fail, or neglect to perform their duty they may be compelled to do so by *mandamus*.   Appellants further contend that if judicial English is to be given its plain ordinary meaning, *State ex rel. Wollner v. Schloemer*, 200 Wis. 350, 228 N. W. 487, supports their position and justifies their contention.   The learned trial court declined to follow the *Wollner Case* in so far as that case seemingly is authority supporting the proposition that a court, in a *mandamus* proceeding, can compel a town board to repair a highway.   A

reading of the opinion in the *Wollner Case,* without considering in connection therewith the printed case and briefs submitted on that appeal (which, of course, the bar may not ordinarily be expected to do), leads to the conclusion that that decision might with plausible justification be considered as supporting appellants' contention, to wit, that a *mandamus* proceeding may properly be brought to compel a town board to repair and maintain a town highway. It is noted that in the statement of facts in the *Wollner Case* the substance of the petition and the alternative writ was recited and the following language appears on page 351 of the Report:

"The petition and the alternative writ alleged that the defendant town board had attempted to discontinue the only public highway that gave relator access to her farm; that the board had refused to maintain and repair this highway and had permitted it to become so out of repair as to be impassable during the spring, and that the board had erected barriers so as to prevent the use of the road by the relator and by the public. The relief demanded was that the defendants be commanded to remove the barrier and to repair and maintain the highway in question."

The final paragraph of the opinion is as follows:

"The court will not attempt to control the discretion of the board as to the character of repairs that are to be made. The only function of the writ is to compel the board to act. If it should be contended that in its repair of the highway the town board failed to properly perform its duty, the relator may cause an appeal to be taken to the county board, which has full power to determine the nature of the repairs that should be made. Sub. (1), sec. 81.14, of the Statutes. The fact that the statutes give this right to appeal to the county board does not deprive courts of the power to compel the town board to act."

Since the alternative writ therein commanded the repair of the highway and the removal of the barriers, and since the judgment on the refusal to quash the alternative writ was

affirmed without language in the opinion clearly indicating that the affirmance rested upon the right of the relator to compel the town board by *mandamus,* under the peculiar facts and circumstances existing in that case, to remove the barriers, we may say that the decision is at least subject to being misunderstood and is concededly confusing.

It is clear to us that this court never intended to hold that *mandamus* may be invoked in this state to compel a town board to repair or to maintain a highway. What this court did intend to hold in the *Wollner Case* is that when a town board unlawfully discontinues a highway and places barriers thereon, for reasons other than those required by law (sec. 81.10, Stats.), it may be compelled by *mandamus* to remove such barriers unlawfully placed upon a highway. In the petition in the *Wollner Case* it was appropriately alleged that the discontinuance of the highway deprived the relator (the owner of the lands) of access therefrom to the public highway. On the issue made by the motion to quash, that allegation was taken as true. The discontinuance of the highway was unlawful in that it deprived the relator of access to the public highway. Sec. 80.02, Stats. An examination of the briefs submitted on that appeal reveals that the relator therein did not contend that the judgment of the court below could be sustained on any ground other than the removal of the barriers. The respondent, on page 7 of her brief, said: "We contend that under the foregoing facts the plaintiff had a clear legal 'right to have the barriers removed and that *mandamus* is the proper remedy." Again, on page 10, the following language appears: "Again, although repeating, it must be borne in mind that it was the removal of the barriers that would grant plaintiff relief." It is apparent, in the light of these considerations, that the decision in the *Wollner Case* was grounded upon the right of the plaintiff to have the unlawfully existing barriers removed.

The law relating to *mandamus* as a remedy for compelling the improvement or repair of highways is exhaustively reviewed in a note to *State ex rel. Clark v. Seattle,* 137 Wash. 455, 242 Pac. 966, found in 46 A. L. R. commencing on page 257. The author of the note states the general rule of law to be as follows:

"The writ of *mandamus* is said to be appropriate to enforce the performance of duties imposed on municipal and quasi-municipal corporations in so far as ministerial duties are imposed upon them, as well as to enforce the performance of duties by private corporations and their officers, although, of course, these duties must be ministerial in the sense of mandatory and imperative duties imposed expressly by law, and not those imposed by contract or arising as an incident of office involving some discretion in their exercise. 18 Ruling Case Law, pp. 115, 116, §§ 27, 28. It is well settled in most jurisdictions that *mandamus* will lie to compel a municipality or its officers to improve or repair a street or highway, where the duty is clearly imposed on it by law and there is no other adequate remedy." Page 262: "*Mandamus* will not lie, however, to control the discretion invested in a municipality, and it is therefore held that where the making of repairs is a matter of discretion with the officers having charge of a highway, the making of repairs cannot be compelled by *mandamus.*"

The numerous decisions digested by the author of this note seem clearly to support the author's statement of the law. The overwhelming rule of law applicable is to the effect that *mandamus* to compel the repair of a highway or street in any event lies only when the duty to repair is clearly imposed by law upon the municipality or its officers and when there is no other adequate remedy. This, we believe, states the sound and correct rule of law.

An examination of the statutes of this state leads to the conclusion (1) that no duty to repair highways is clearly imposed upon town boards, and (2) that the relators had another adequate remedy which they should have invoked when aggrieved by the refusal, failure, or neglect of the

town or its officers to repair the public highway in question. Sec. 81.14, Stats. The legislative plan or scheme with regard to town roads is found in ch. 81 of the Statutes. Sec. 81.01 provides in substance that town boards shall have the care and supervision of all highways and bridges in their respective towns and to that end shall appoint a superintendent of highways to supervise, under the direction of the board, the construction and repair of highways; that they shall compel the superintendent of highways, from time to time, to perform his official duties; that they shall expend for highway purposes so much of the income taxes of the town as the board shall deem best; that they shall direct when and where all town moneys received from highway taxes and other available highway funds shall be expended. In no language has the legislature made it the clear duty of town boards to maintain or repair highways. The legislature has not placed upon town boards the same clear duty to keep highways in repair that it has placed upon boards of public works as to city streets. Sec. 62.14 (6), applicable to cities, provides: "It shall be the duty of the board [of public works], under the direction of the council, to superintend all public works and keep the streets, alleys, . . . in repair." It seems clear that the imperative duty to repair streets placed upon cities has not been placed upon towns. The legislature, however, by the enactment of sec. 81.15, Stats., says that if the towns permit their highways to become insufficient or out of repair they shall be liable to those who have suffered damages from the towns by reason of such insufficiency or want of repair of a town road. The legislature has not provided specifically that towns shall keep their highways in repair, but it has provided that towns shall be liable for such insufficiency or lack of repair of highways as causes damage. For the reason that the legislature has not made it the plain and clear duty of towns to repair their highways, *mandamus* does not lie.

There is an additional reason why *mandamus* does not lie to compel the repair of a town highway. The legislature has declared that when a person is aggrieved because of the failure, refusal, or neglect of the town board or the electors of the town to repair any public highway he may appeal to the county board as provided by sec. 81.14 of the Statutes. This statute provides a plain and specific remedy which we think must be considered adequate within the meaning of that word. The remedy provided by the legislature (sec. 81.14, Stats.) may not be as speedy a remedy as a person aggrieved might desire, but it is at least comparatively simple, inexpensive, and should ordinarily prove effective. Appellants contend that the remedy afforded by this section is not adequate because not sufficiently speedy. An appeal under that statute must necessarily wait upon a meeting of the county board and the appeal provided must be taken by fifteen freeholders of the state. We think, however, that the remedy provided cannot for these reasons be deemed inadequate. Even in *mandamus* proceedings the relief sought or desired may be delayed for more than a year by an appeal to this court, as the history of such litigation reveals. In any event, as the legislature has provided a specific remedy applicable to situations similar to the one herein, we must hold that *mandamus* does not lie to compel the repair of a town highway. Ordinarily where a statute prescribes a remedy it is held that such remedy is exclusive. *Hein v. Luther,* 197 Wis. 88, 221 N. W. 386; *State ex rel. Allen v. Railroad Comm.* 202 Wis. 223, 231 N. W. 184; *State ex rel. Langen v. Bodden,* 165 Wis. 243, 161 N. W. 767; *State ex rel. Sheboygan County v. Telgener,* 199 Wis. 523, 227 N. W. 35. Where a statute prescribes a remedy which is plain, clear, specific, and adequate, it is generally held that such remedy is exclusive. See 38 Corp. Jur. p. 568, § 39, where it is said: "Applying general principles already considered, it is very generally held that the existence of a specific statutory remedy will exclude

*mandamus,* although the act sought to be compelled is purely ministerial in its nature." See, also, *State ex rel. Cook v. Houser,* 122 Wis. 534, 571, 100 N. W. 964; *State ex rel. Superior v. Duluth St. R. Co.* 153 Wis. 650, 656, 142 N. W. 184; *Frank A. Graham Ice Co. v. Chicago, M. & St. P. R. Co.* 153 Wis. 145, 140 N. W. 1097; *State ex rel. School Directors v. Nelson,* 105 Wis. 111, 115, 80 N. W. 1105; *Board of Education v. State ex rel. Reed,* 100 Wis. 455, 462, 76 N. W. 351; *State ex rel. Jones v. Oates,* 86 Wis. 634, 57 N. W. 296; *State ex rel. Wolff v. Sheboygan County,* 29 Wis. 79, 85. For the reasons stated we conclude that *mandamus* does not lie to compel a town board to repair town highways and the judgment herein must be affirmed.

In so far as *State ex rel. Wollner v. Schloemer, supra,* may be considered authority to the contrary, it is hereby overruled.

*By the Court.*—Judgment affirmed.