BERES, Appellant, v. CITY OF NEW BERLIN and others, Respondents.

*February 2—March 3, 1967.*

230

For the appellant there was a brief by *Carr, Mazza & Wagner* of New Berlin, attorneys, and *John A. Udovc* of Milwaukee of counsel, and oral argument by *Mr. John T. Carr* and *Mr. Udovc*.

For the respondents there was a brief and oral argument by *Clayton A. Cramer* of Waukesha, city attorney.

HEFFERNAN, J.   It is well settled that mandamus will not lie to compel the performance of an official act when

the officer's duty is not clear and requires the exercise of judgment and discretion. *Wisconsin Pharmaceutical Asso. v. Lee* (1953), 264 Wis. 325, 58 N. W. (2d) 700. It is equally true that "mandamus is not a proper remedy to control the acts of municipal bodies when acting within the scope of their legal powers, on matters in respect of which they are vested with discretion . . . ." 55 C. J. S., Mandamus, p. 212, sec. 124 (2).

This court has held that the exercise of the zoning power is "a field of legislative discretion within which its acts are not subject to judicial review." *La Crosse v. Elbertson* (1931), 205 Wis. 207, 211, 237 N. W. 99; *Eggebeen v. Sonnenburg* (1941), 239 Wis. 213, 218, 1 N. W. (2d) 84, 138 A. L. R. 495.

However, this court has taken the position that a writ of mandamus will issue to enforce the performance of plain imperative duties of a ministerial character imposed on a public body such as a city council (*State ex rel. Ingold v. Mayor and Common Council of the City of Madison* (1919), 170 Wis. 133, 174 N. W. 471), or a county board (*State ex rel. Owen v. Stevenson* (1917), 164 Wis. 569, 161 N. W. 1).

Thus it is only in the event that that zoning was treated administratively or in a mere ministerial, rather than a legislative, fashion that the actions of the common council could be compelled by mandamus. McQuillin has stated:

"Mandamus proceedings cannot be used to interfere with the discretion of zoning authorities, and in the absence of facts showing an abuse of discretion or other legal error to the prejudice of the rights of the relator, a writ of mandamus to compel the issuance of a permit or other administrative action in zoning will be denied. That is to say, the discretion of the municipal authorities in denying a permit for a use is frequently not controllable by mandamus." 8A McQuillin, Mun. Corp. (3d ed.), p. 381, sec. 25.307.

The allegation that the nonconforming status of 42 businesses was corrected by council action could be construed, arguably at least, to show that the common council was engaged, not in the exercise of its legislative function, but rather in the administration of the ordinance on a case-by-case basis. Particularly, this might be true if there were evidence to show that plaintiff's property did not differ in any relevant way from the other 42 parcels. Under such a state of facts the appellant contends that the council was subject to compulsion by a writ of mandamus.

In *State ex rel. O'Neil v. Hallie* (1963), 19 Wis. (2d) 558, 120 N. W. (2d) 641, a case involving the licensing of a drive-in theater, we pointed out that a town board had, by granting a license to one theater, effected an administrative determination of the standards set by ordinance and that it could not then refuse to meet the *de facto* standards of the ordinance even though licensing is, in general, a discretionary function. The petitioner herein contends that the *Hallie* rationale should be applicable to him—that if the common council unfairly applied the general zoning ordinance to other *similarly situated* businesses so as to exempt them from its requirements, mandamus should be available, for what it would compel would not be an act of general legislative discretion but merely a ministerial and administrative act.

Whatever merit this proposition of law might have cannot be considered upon this appeal. No facts have been alleged that would bring the petitioner arguably within the *Hallie* rule. There is nothing of record to show that the other 42 businesses were either similar or different from the petitioner's plumbing business. Accordingly, the merits of petitioner's contention cannot be reached even if the *Hallie* rationale, as a matter of law, were applicable.

Even more decisive of this appeal is the fact that the petitioner did not exhaust the available administrative remedies before resorting to the courts. The trial court in part bottomed its decision upon such failure, and we agree with that conclusion.

Even in those cases where mandamus would clearly be a proper remedy, it is available only "where the applicant has exhausted or does not have an adequate remedy through further administrative proceedings and appeal therefrom to the courts." 8A McQuillin, *supra,* p. 380, sec. 25.307.

This jurisdiction has uniformly held that:

"Mandamus may not be maintained if some other, plain, adequate, and complete remedy exists." *Burke v. Madison* (1962), 17 Wis. (2d) 623, 631, 117 N. W. (2d) 580, 118 N. W. (2d) 898; *State ex rel. Racine County v. Schmidt* (1959), 7 Wis. (2d) 528, 536, 97 N. W. (2d) 493.

We stated in *Jefferson County v. Timmel* (1952), 261 Wis. 39, 63, 51 N. W. (2d) 518:

"8 McQuillin, Mun. Corp. (3d ed.), p. 538, sec. 25.283, states that the authorities are in conflict as to whether a property owner must first pursue and exhaust the administrative remedy available to him under a zoning ordinance or statute before resorting to the courts for injunctive or other relief. We believe the sounder rule is that which holds that if a zoning ordinance provides for an appeal to a board of adjustment created pursuant to a statute similar to sec. 59.99 from an adverse ruling of an administrative officer or board in administering the ordinance, and court review of the decision or order of the board of adjustment is specifically provided for by statute, such remedy is exclusive of all other remedies and must be exhausted before a party can resort to the courts for other relief except in cases where the validity of the ordinance itself is attacked."

Sec. 62.23 (7) (e), Stats., requires city councils to establish boards of zoning appeals and sets forth certain required procedures with regard thereto. Sec. 62.23 (7)

(e) (11) provides for judicial review by way of a writ of certiorari. As pointed out in the respondent's brief, sec. 12.19 of the New Berlin Code creates such a board of appeals to which the petitioner could have appealed. The appellant's petition for the writ did not allege that he had exhausted this available remedy. He does not now maintain that he did.

There is no showing that the petitioner has petitioned the board of zoning appeals for any variance from the present zoning, or that any request to that board has been denied. In the absence of such administrative action, the petitioner's grievances, which might have been correctable by the board, cannot be brought before a court. The administrative procedures that are available by statute have not been exhausted or even resorted to. The petitioner's writ was properly quashed.

*By the Court.*—Order affirmed.