STATE EX REL. CABOTT, INC., and others, Appellants, v. WOJCIK and others, Respondents.

*No. 384. Argued June 3, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 828.)

760

For the appellants there was a brief by *Peickert, Anderson, Fisher, Shannon & O'Brien* of Stevens Point, and oral argument by *John E. Shannon, Jr.*

For the respondents there was a brief and oral argument by *Herman J. Glinski* of Stevens Point.

HEFFERNAN, J. A motion to quash a petition is deemed by sec. 293.01, Stats., to be a demurrer to the complaint. *Will v. H&SS Department* (1969), 44 Wis. 2d 507, 512, 171 N. W. 2d 378; *State ex rel. Kurkierewicz v. Cannon* (1969), 42 Wis. 2d 368, 374, 166 N. W. 2d 255. A petition for mandamus should therefore be given the same treatment that is afforded to a complaint when a demurrer is filed. It should be afforded every reasonable intendment when determining whether there is any ground for relief requested. *Harte v. Eagle River* (1970), 45 Wis. 2d 513, 519, 173 N. W. 2d 683; *State ex rel. Leuch v. Hilgen* (1951), 258 Wis. 430, 431, 46 N. W. 2d 229.

We are satisfied that the petition spells out legal grounds for granting the petitioners' petition for a writ of mandamus. The Wisconsin court stated the criteria for the issuance of a writ of mandamus in the case of *Neu v. Voege* (1897), 96 Wis. 489, 492, 493, 71 N. W. 880, wherein it was said:

"To be sure, the granting or refusing of a writ of *mandamus* is somewhat discretionary, but when the application therefor is made by a person to enforce a clear

legal right; the duty sought to be enforced is positive and plain; the applicant for the writ shows that he will be substantially damaged by nonperformance of such duty; and there is no other adequate specific legal remedy for the threatened injury, and no laches on the part of such applicant, and no special reasons exist rendering a resort on his part to the remedy, under the circumstances, inequitable, to refuse to issue the writ constitutes an abuse of judicial discretion."

More recently, we have considered the test for mandamus of a public officer or a public body corporate in *Menzl v. Milwaukee* (1966), 32 Wis. 2d 266, 145 N. W. 2d 198, and in *Beres v. New Berlin* (1967), 34 Wis. 2d 229, 148 N. W. 2d 653. Under the tests established therein, it appears that the petition for mandamus prima facie asserts a clear legal right, that the duty sought to be enforced is positive and plain and that the petitioners will be substantially damaged by the nonperformance of such duty.

Sec. 81.03, Stats., provides:

"81.03 **Superintendent of highways; duties.** The superintendent of highways shall supervise the construction and maintenance of all highways in his district required to be maintained by the town, and keep them passable at all times, and perform such other services in connection with said highways as the town board requires, and keep a full account of all his receipts and disbursements. He may make such arrangement for the prosecution of his work as he deems necessary and appoint such foremen as the highway work requires. When any highway under his charge becomes impassable he shall put the same in passable condition as soon as practicable. He shall make a complete and full report of all funds received and disbursed by him whenever requested so to do by the town board, and shall also make a complete and full report to each annual town meeting. The superintendent, and in his absence the town board, shall immediately upon notice of its existence fill or remove any depression, ditch, hump or embankment which impedes the use of any highway in his district."

Sec. 81.01 (1), Stats., provides in part:

". . . Where no superintendent of highways is appointed, it shall be the duty of the town board to perform all the duties that are prescribed by law for the superintendent of highways to perform."

It is our conclusion that these portions of the statute unequivocally place the duty upon a town board, where no highway superintendent has been appointed, to put any highway that becomes impassable in a passable condition as soon as practicable.

This is the very situation that is averred in the petition—that the road is a highway in the town of Hull, that it is impassable, that due notice and demand has been made upon the board of supervisors of the town, but that no action has been taken to put the road in a passable condition.

Both the trial court and the defendants rely principally upon *State ex rel. Wisniewski v. Rossier* (1931), 205 Wis. 634, 238 N. W. 825. The *Wisniewski Case* held that there was no clear duty imposed by statute upon town boards to keep highways in repair. In addition, *Wisniewski* concluded that there was another remedy available in that sec. 81.14, Stats., provided for an appeal by 15 freeholders to the county board from the refusal, failure, or neglect to repair a town highway.

The petitioners pointed out that at the time *Wisniewski* was decided, sec. 81.01, Stats., which was amended two years later, did not provide that, in the event there were no superintendent of highways, the same duties rested upon the town board. The trial judge recognized this argument and appeared to agree with the petitioners that there now was a clear legal duty upon the town board to carry out the obligations imposed upon a superintendent of highways and that such obligation did not unequivocally exist at the time of the *Wisniewski Case*. Although he accepted this proposition *arguendo,* he re-

lied upon the second portion of *Wisniewski*—that there continued to exist another adequate remedy under sec. 81.14. Sec. 81.14 reads in pertinent part:

"(1) If any town, or towns in case of a town line highway, either by the proper officers, or by a majority vote of the electors voting on such question, refuse, fail or neglect to open and put in reasonable condition for travel a highway, within one year from the date when it was laid out, or refuse, fail or neglect to repair any highway or build or repair any bridge thereon, in such town or towns, any 15 freeholders thereof may appeal to the county board of the county in which the highway or bridge is situated, by notice in writing served on the chairman or chairmen of the town or towns . . . . When it is appealed to, the county board shall, at the next regular meeting, either by a majority of its members or by a committee of not less than 3, examine such highway or bridge, and if they determine that it ought to be put in reasonable condition for travel or ought to be repaired, the county board shall thereupon appropriate therefor sufficient funds to defray the estimated cost of opening or repairing the highway or building or repairing the bridge, and the chairman of the county board shall cause the highway to be opened and put in reasonable condition for travel or cause the bridge to be repaired or built . . . ."

The court in the *Wisniewski Case* pointed out that the statutes failed to clearly impose upon town boards a duty to repair highways and distinguished the duty of town boards from the statutory duty applicable to city officials.

"It shall be the duty of the board [of public works], under the direction of the council, to superintend all public works and keep the streets, alleys . . . in repair." Sec. 62.14 (6), Stats. 1929.

It found that the same imperative duty had not been placed upon town boards. The statute now places an imperative duty upon town boards to keep highways in the town "passable at all times" and when any highway

becomes impassable, it is the duty of the town board to "put the same in passable condition as soon as practicable."

This duty is a different duty than that referred to in sec. 81.14, Stats. Therein reference is made to the failure of town officers who neglect to *repair* any highway. It is apparent that the statutes make a distinction between repairing town highways and keeping existing highways in a passable condition. The duty to keep highways passable is made mandatory by the conjunctive reading of secs. 81.01 and 81.03, while mere repairs are in the discretion of the town board and subject to appeal to the county board. We consider this a real distinction, and *Wisniewski* only goes to the holding that *repairs* cannot be enforced against the town board by mandamus. In other words, the statutes have vested a high degree of discretion in the town board, subject to appeal, where the road condition complained about results in something less than a complete closing or impassability.

It is axiomatic that statutes are to be reconciled if possible and are not to be interpreted in such a manner as to show contradictory legislative intent if that result can be avoided. Were this court to require a citizen whose property has become inaccessible by virtue of impassability of the roads to pursue the appeal remedy outlined in sec. 81.14, Stats., the unequivocal directions of sec. 81.03, requiring roads to be kept "passable at all times," would lose their meaning.

In the instant case, because of the posture in which the pleadings are before the court, the allegation that the road is impassable must be considered a verity and accepted as a fact by this court.

It should also be noted that the court in *Wisniewski* carefully distinguished the earlier case of *State ex rel. Wollner v. Schloemer* (1930), 200 Wis. 350, 228 N. W. 487. The *Wisniewski* court pointed out that in *Wollner* the decision was grounded upon the right of the plaintiff

to have unlawfully existing barriers removed. The *Wisniewski* decision disagreed with the holding of *Wollner* to the extent that *Wollner* could be construed to compel a town board to repair a town highway. To that extent only, *Wollner* was overruled by *Wisniewski*. It did not overrule the holding that mandamus would lie to remove barriers unlawfully placed upon the highway in violation of the statutes. The court pointed out in *Wisniewski* that the question of repair was not at issue in *Wollner*, and to that extent only did the court overrule the dicta to that effect in *Wollner*. The real holding of *Wollner*, which remains intact and as elucidated by the court in *Wisniewski*, when read together with the statutory mandate of sec. 81.03, Stats., to keep roads passable at all times and the statutory proscription of sec. 80.02,[1] which was considered in *Wollner*, dictates that the petitioners herein have clearly set forth legal grounds for relief by way of mandamus.

Accordingly, we are satisfied that a plain statutory duty to keep roads passable is imposed upon the town boards and that sec. 81.14, Stats., is directed to complaints arising out of highway problems that do not render the roads impassable.

Defendants raise the additional point that mandamus will not lie where discretion rests in the officer sought to be coerced. They rely upon *State ex rel. Gericke v. Mayor and Common Council of Ahnapee* (1898), 99 Wis. 322, 74 N. W. 783, wherein the court stated that the municipality's duty to maintain a bridge did not deprive the officers of the municipality from exercising judgment or discretion as to the time and manner of making

---

[1] *Wisniewski* pointed out the 1929 statute which was the cornerstone of the *Wollner* opinion. Sec. 80.02, Stats. 1929, read in part:

"No town board shall discontinue . . . any highway when such discontinuance would deprive the owner of lands of access therefrom to the public highway."

The present statutes contain the almost identical language.

such repairs. It is, of course, clear that this court could not, in the absence of statutory guidelines, direct the town board of Hull to perform a particular type of construction or to specify the manner by which the roads are to be made passable. This is within the discretion of the responsible officers, but there is no discretion in the town board as to whether or not a road is to be kept in a passable condition. This duty is mandatory and unequivocal.

While we have pointed out that the facts as presented in the petition spell out the legal right to mandamus, they are not dispositive of the entire question. This case has reached us upon a motion to quash, and all allegations made by the petitioners have been accepted as a verity. Since this is in the nature of a demurrer, the town board may, if it wishes, plead over and contest the allegations of fact or may raise affirmative defenses that may be considered by the trial court in the exercise of its discretion of whether or not to grant the mandamus asked for by the petitioners. Various affirmative defenses have been raised in the briefs by the defendants. The consideration of these defenses would be premature. The sole question before the court is whether the petition has stated grounds for relief by way of mandamus. We conclude that a clear legal right has been asserted and that the duty sought to be enforced is positive and plain.

*By the Court.*—Judgment reversed.